STATE EX REL. James B. BRENNAN, Petitioner,

v.

BRANCH 24 OF the CIRCUIT COURT OF MILWAUKEE COUNTY, the Honorable David V. Jennings, Jr., Presiding, Employment Relations Commission of the State of Wisconsin and Milwaukee Police Association, Respondents.

James B. BRENNAN, in his official capacity as City Attorney of the City of Milwaukee, and individually as a resident and taxpayer of the City of Milwaukee and as a representative of a class of residents and taxpayers of the City of Milwaukee, Plaintiff-Appellant,

v.

EMPLOYMENT RELATIONS COMMISSION OF the State of WISCONSIN and Milwaukee Police Association, Defendants-Respondents.†

Court of Appeals

*No. 81–1145. Argued August 6, 1981.—Decided August 10, 1981.*
(Also reported in 310 N.W.2d 629.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Thomas E. Hayes,* deputy city attorney, and *Grant F. Langley, Patrick B. McDonnell* and *Linda Uliss Burke,* assistant city attorneys, with oral argument by *Grant F. Langley.*

For the defendant-respondent Milwaukee Police Association the cause was submitted on the brief of *David L. Walther* and *John Sundqwist* of *Walther & Halling* and *Gerald Boyle,* all of Milwaukee, with oral argument by *David L. Walther.*

Before Moser, P.J., Scott, J., and Hanley, Reserve Judge.

MOSER, P.J.   The city attorney of the city of Milwaukee, James B. Brennan (Brennan) sought a supervisory writ from this court pursuant to sec. 809.51, Stats., to prohibit the enforcement of a memorandum decision of the trial court dismissing Brennan's declaratory judgment action against the Wisconsin Employment Relations Commission (WERC) and the Milwaukee Police Association (MPA). On receipt of this petition, this court determined that the memorandum decision of the trial court was a final judgment pursuant to sec. 806.01(1)(a) and, therefore, was appealable as of right pursuant to sec. 808.03(1).[1] This court then construed the petition for supervisory writ as a notice of appeal.[2] At a conference with the attorneys and this court on June 17, 1981, all parties approved expedition of the filing of the record and of the briefing schedule, and the matter was set for oral argument on August 6, 1981.

Brennan sued the WERC and MPA in his capacity as city attorney of Milwaukee and individually as a resident and taxpayer and as a representative of a class of residents and taxpayers pursuant to sec. 803.08, Stats. Brennan sought a judgment pursuant to sec. 806.04, declaring that secs. 111.70(4)(jm) and 111.77(8) violate the prohibition against special legislation contained in article IV, secs. 31(9) and 32 of the Wisconsin Constitution. He further sought a judgment declaring that those same statutes violate the equal protection clause of the fourteenth amendment of the United States Constitution and article I, sec. 1 of the Wisconsin Constitution. WERC and MPA answered and issue was drawn.

[1] See Fredrick v. City of Janesville, 92 Wis. 2d 685, 687–88, 285 N.W.2d 655, 656–57 (1979).

[2] See McEwen v. Pierce County, 90 Wis. 2d 256, 270, 279 N.W.2d 469, 475 (1979).

After issue, Brennan filed two motions in the trial court. One requested the trial court to certify a class of taxpayers pursuant to sec. 803.08, Stats; the other requested judgment on the pleadings or, in the alternative, summary judgment. The MPA filed an alternative motion to join the city of Milwaukee as a party defendant or to dismiss.

These motions were argued in the trial court on May 27. On June 4, 1981, the trial court issued its memorandum decision which was entered that day.

The trial court dismissed Brennan's complaint for the stated reason that he had a conflict of interest "individually and in his official capacity as a city attorney of the city of Milwaukee." The trial court reasoned that "it is a well-settled general rule that an attorney cannot represent conflicting interests or undertake the discharge of inconsistent duties. This is a fundamental rule which arises of necessity out of the confidential and fiduciary character of the relationship between attorney and client."

The sole issue on appeal is whether the trial court erred in determining that Brennan had a conflict of interest necessitating dismissal of the complaint.

The granting or denying of relief in a declaratory judgment action is a matter within the sound discretion of the trial court.[3] An appellate court will not upset the trial court's discretionary decision dismissing a declaratory judgment complaint unless there is an abuse of discretion.[4] If a trial court bases the exercise of discretion upon an error of law, that judge's conduct is beyond the limits of his/her discretion.[5] This court's task is to re-

---

[3] *State ex rel. Lynch v. Conta*, 71 Wis. 2d 662, 668, 239 N.W.2d 313, 322 (1976).

[4] *Rudolph v. Indian Hills Estates, Inc.*, 68 Wis. 2d 768, 772, 229 N.W.2d 671, 674 (1975).

[5] *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968).

view the discretion employed by the trial court and not to impose our discretion in the first instance.[6]

The trial court buttressed its determination that a conflict of interest existed in Brennan by citing the authority of two prior reported cases.[7] These cases stand for the ethical principle that in a second lawsuit a lawyer cannot represent an opposing party after representing an adversary in the first lawsuit. "Of course, an attorney's acceptance of employment to act in opposition to his former client is not by itself improper. The interest represented by the attorney in the subsequent employment must be adverse to the interest represented in the original employment."[8] The resulting ethical problem is so elementally obvious that one need not cite any authority. These cases and the cases cited in respondents' brief are inapposite to the situation this court and the trial court face. In all of those cases, the same attorney represented opposite parties in succeeding lawsuits, or in the same case, involving divergent interests.

The defendants and the respondents are the only sources to which any trial court can look to find a conflict of interest. It is patently obvious that, at this time, Brennan has no conflict of interest with either party defendant presently in this action. The trial court abused its discretion in finding a conflict of interest at this stage of the proceedings. The trial court's conclusion that there was a conflict of interest is an error of law which results in our concluding that it acted beyond the limits of its discretion.

---

[6] *State ex rel. Carl v. Charles,* 71 Wis. 2d 85, 93, 237 N.W.2d 29, 33 (1976).

[7] *Michel v. McKenna,* 199 Wis. 608, 227 N.W. 396 (1929); *Ennis v. Ennis,* 88 Wis. 2d 82, 276 N.W.2d 341 (Ct. App. 1979).

[8] *City of Whitewater v. Baker,* 99 Wis. 2d 449, 454, 299 N.W.2d 584, 587 (Ct. App. 1980).

Respondent further argues that if we find the trial court erred, we should look into the record and see whether Brennan has standing, or whether this matter is ripe for decision. We say no. The function of this court is not to exercise discretion in the first instance, but to review the exercise of discretion by trial courts.[9]

*By the Court.*—Judgment reversed.

---

[9] *See* note 5 and accompanying text, *supra.*
† Petition for review dismissed.