## Wisconsin DEPARTMENT OF REVENUE, Petitioner-Appellant,

v.

## EAA AVIATION FOUNDATION, INC., Respondent.†

Court of Appeals

*No. 87–0369. Submitted on briefs January 21, 1988.—Decided February 25, 1988.*

(Also reported in 422 N.W.2d 458.)

For the petitioner-appellant the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Alan Lee,* assistant attorney general.

† Petition to review denied.

For the respondent the cause was submitted on the brief of *Robert A. Schnur* and *James E. Schacht* and *Michael, Best & Friedrich,* of Milwaukee.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J. The department of revenue appeals that part of a judgment which affirms the tax appeals commission's decision that fees charged by the EAA Aviation Foundation, Inc., for parking are exempt from sales tax under sec. 77.54(9a), Stats. (1977 and 1979–80). We conclude that such fees are subject to sales tax and reverse that part of the judgment.

## I.

## BACKGROUND OF THE CASE

The EAA Aviation Foundation, Inc. is a nonstock corporation organized under ch. 181, Stats. The Foundation is exempt from federal income taxation under sec. 501(c)(3), Internal Revenue Code. It is organized and operated exclusively for charitable and educational purposes under both the Internal Revenue Code and the Wisconsin statutes. The Foundation has no members.

Each summer the Foundation and the Experimental Aircraft Association, Inc. cosponsor the International EAA Convention and Sport Aviation Exhibition at Wittman Field in Oshkosh, Wisconsin. Besides other fees which are no longer an issue in this case, the Foundation collects fees for providing parking to the public. This case involves the parking fees for 1977 through 1980.

## II.

## CONSTRUCTION OF THE STATUTES

Section 77.54, Stats. (1977), provides:

> There are exempted from the taxes imposed by this subchapter:
>
> . . . .
>
> (9a) The gross receipts from sales to, and the storage, use or other consumption of tangible personal property, including accessories, parts and supplies, and services by this state or any agency thereof, or any county, municipality as defined in s. 41.02(4), school district or other political subdivision; any corporation, community chest fund, foundation or association organized and operated exclusively for religious, charitable, scientific or educational purposes, or for the prevention of cruelty to children or animals, no part of a net income of which inures to the benefit of any private stockholder, shareholder, member or corporation.

This provision was amended by the 1979 legislature to read:

> There are exempted from the taxes imposed by this subchapter:
>
> . . . .
>
> (9a) The gross receipts from sales to, and the storage, use or other consumption of tangible personal property and taxable services by:
>
> . . . .
>
> (f) Any ... foundation or association organized and operated exclusively for religious, charitable, scientific or educational purposes, or for the prevention of cruelty to children or animals, no part of the net income of which inures to the benefit of any private stockholder, shareholder, member or corporation.

Section 77.54(9a)(f), Stats. (1979-80).

We consider both statutes because the parking fees in issue were taxed under each version of the statute. The 1979 amendment was effective May 3, 1980. Ch. 174, Laws of 1979. It applies to the last tax year under consideration in this case.

The meaning of a statute is a question of law which we decide independently of the trial court's conclusion, *Ford Motor Co. v. Lyons,* 137 Wis. 2d 397, 419, 405 N.W.2d 354, 363 (Ct. App. 1987), or the commission's determination, *Lewandowski v. State,* 140 Wis. 2d 405, 409, 411 N.W.2d 146, 148 (Ct. App. 1987).

■ The department agrees with the Foundation that either version of sec. 77.54(9a), Stats., can be read as exempting from sales tax gross receipts from the providing of services by tax exempt organizations. It views the statute as ambiguous. A statute is ambiguous if it may be construed in different ways by reasonably well-informed persons. *Wisconsin Finance v. Garlock,* 140 Wis. 2d 506, 516, 410 N.W.2d 649, 653 (Ct. App. 1987). The Foundation claims, however, that under the plain meaning of the statute the gross receipts from services by it are exempt from sales tax.

We disagree with both the department and the Foundation. We do not consider the statute ambiguous, and we conclude that under the plain language of the statute, the Foundation is not exempt from sales tax on gross receipts from services by the Foundation.

We consider the proper interpretation of either statute a question of grammatical construction. Section 77.54(9a), Stats., insofar as applicable to this case, may be sketched as follows:

There are exempted from the taxes imposed by this subchapter: (1) The gross receipts from sales to any foundation or association organized and operated exclusively for charitable, scientific or educational purposes, (2) The gross receipts from the use or other consumption of tangible personal property and services by any foundation or association organized and operated exclusively for charitable, scientific or educational purposes.

The Foundation would read the statute as follows:

There are exempted from the taxes imposed by this subchapter: The gross receipts from services by any foundation or association organized and operated exclusively for charitable, scientific or educational purposes.

We conclude that the phrase "services by" is conjunctive with "use or other consumption of tangible personal property." So construed the exemption is limited to services used by tax exempt organizations and does not extend to services by such foundations.

We do not believe it is necessary to further construe the statute. Under the plain meaning of the statute, gross receipts received by the Foundation from the service of providing parking are not exempt from sales tax under secs. 77.54(9a), Stats. (1977), and 77.54(9a)(f), Stats. (1979–80).

*By the Court.*—Judgment reversed in part and cause remanded to the trial court with directions to reverse the decision of the commission in Docket No. S-8923.