K.L., Plaintiff-Appellant-Petitioner,

v.

Fred E. HINICKLE, Arthur L. Gerg, Donald
Quatsoe, Gail Faust, Lori Caygill, Phyllis
Reinn, Nelsine Doherty, Edward Parker, John
Raffel, Oscar D. Shade, Fred Melendez,
Eugene Thomas, Marion Wittig, Ralph Collins
and the Home Indemnity Co., a foreign
corporation, Defendants-Respondents.

Supreme Court

*No. 86–1557. Argued March 1, 1988.—Decided May 24, 1988.*

(Also reported in 423 N.W.2d 528.)

For the plaintiff-appellant-petitioner there were briefs by *Howard A. Davis, Virginia M. Antoine* and *Habush, Habush & Davis, S.C.,* Milwaukee and oral argument by *Howard A. Davis.*

For the defendants-respondents the cause was argued by *Robert D. Repasky,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

DAY, J. This is a review of an unpublished decision of the court of appeals, affirming a summary judgment of the circuit court for Milwaukee county, Honorable John F. Foley, circuit judge. The circuit court held in favor of the defendants, who were members of the Wisconsin Parole Board (Board) and certain employees of the Department of Health and Social Services, for failure of the complaint of K.L. to state a claim upon which relief could be granted.

On review, K.L. argues her complaint for damages stated two actionable claims for breach of "ministerial" duties by the defendants. She alleges these breaches resulted in injuries to her when she was sexually assaulted by a parolee, Michael A. Jones,

whom the Board had released approximately seventeen months prior to his mandatory release date[1] for a previous rape conviction. Her complaint first alleges that the defendants failed to give proper notice of Jones' parole applications to the "district attorney ... who tried the inmate," contrary to sec. 57.06(1)(a), Stats. (1977), because notice was given to the elected district attorney rather than the deputy district attorney who actually prosecuted Jones at trial. Second, she alleges the board failed to comply with the employment placement requirement of sec. 57.06(2), Stats. (1977).[2] We conclude that the defendants met their ministerial duty by notifying the elected district

---

[1]Wis. Admin. Code sec. H.S.S. 30.03(5) (Nov. 1987), defines "mandatory release" as the "release of a convicted felon to supervision as required by s. 53.11(7)(a), Stats., and as determined by the term for which the person is sentenced minus all time credited pursuant to s. 53.11(1), Stats." Section 53.11(1), Stats., provides: "The mandatory release date is established at two-thirds of the sentence," provided no infraction of rules by the inmate occurs.

The circuit judge's findings in this case show that Michael Jones was released on parole on January 3, 1984 and that his mandatory release date was June 29, 1985.

[2]The portions of sec. 57.06, Stats. (1977), in effect at the time notice was first sent to the district attorney and pertinent to this appeal read:

**57.06 Paroles from state prisons and house of correction.**
(1)(a) ... The district attorney and judge who tried the inmate shall be notified in writing at least 10 days before the first application for parole is acted upon and if they so request be given like notice of each subsequent application. ...

(2) No such prisoner shall be paroled until the department is satisfied that suitable employment has been secured for him, unless otherwise provided for by the department. The paroled prisoner shall report to the department in such manner and at such times as it requires.

attorney, who held such office when Jones was tried, of Jones' parole application. We also conclude that, nebulous as the employment "plan" for Jones was, the broad discretionary authority granted to the Board under the "otherwise provided for" language of the parole statute was exercised. We therefore affirm the decision of the court of appeals.

The facts in this case are not disputed. In 1978, Michael A. Jones (Jones) was convicted in Milwaukee county of first degree sexual assault and false imprisonment. Deputy District Attorney Michael Malmstadt was the prosecutor who tried the case.

On his fourth application for parole, approximately seventeen months before his mandatory release date, Jones was released by the Board. Prior to this, and before each previous application was considered, notice of the pending parole hearing was timely sent to E. Michael McCann, the District Attorney for Milwaukee County. The Board's written placement plan, prepared for Jones prior to the making of his parole decision, included comments that anticipated employment was "[t]o be secured upon release. There may be an employment offer from his or his wife's family upon release," and that he had completed a drafting course.

Approximately two and a half months after Jones' parole, he brutally beat and sexually assaulted the plaintiff in this action, K.L. She then brought suit against the defendants, alleging negligence in the performance of ministerial duties relating to their parole decision concerning Jones. Her complaint alleged that, contrary to sec. 57.06(1)(a), Stats., they failed to give written notice of Jones' application for parole to the deputy district attorney who actually tried the case resulting in Jones' original incarcera-

tion. The complaint further alleged that members of the parole board failed to make suitable arrangements for Jones' employment upon parole contrary to sec. 57.06(2). She alleged that this negligence was a direct and proximate cause of Jones' release before his mandatory release date and, therefore, a direct and proximate cause of her injuries and damages.

The defendants moved to dismiss the complaint on the grounds that both allegations failed to state a claim upon which relief could be granted. The circuit court concluded that the defendants had properly complied with the notice requirement of sec. 57.06(1)(a), Stats., and with the employment determination requirement of sec. 57.06(2), and therefore, granted motion to dismiss.

K.L. appealed, and the court of appeals issued a memorandum decision adopting the analysis relied upon by the circuit court and affirming the judgment. K.L. then petitioned this court for review, seeking a determination concerning the requirements of both statutory provisions.

■

On review of a circuit court's grant of summary judgment, this court applies the standards established in sec. 802.08(2), Stats., in the same manner as the circuit court. Summary judgment should be granted only when it appears on the record that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Wright v. Hasley,* 86 Wis. 2d 572, 579, 273 N.W.2d 319, 322–23 (1979).

Generally, in Wisconsin, a public officer is not personally liable to one injured as a result of a discretionary act performed within the scope of official duty. Liability will attach, however, for damages

resulting from negligent performance of a purely ministerial duty. *Lister v. Bd. of Regents,* 72 Wis. 2d 282, 300–01, 240 N.W.2d 610, 621–22 (1976). "[A] public officer's duty is ministerial only when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode, and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Id.* at 301, 240 N.W.2d at 662; *see also C. L. v. Olson,* 143 Wis. 2d 701, 708–712, 422 N.W.2d 614 (1988).

■
K.L. argues that both statutory provisions upon which she bases her complaint are ministerial in nature. Her first cause of action relies on sec. 57.06(1)(a), Stats., which reads in pertinent part: "The district attorney and judge who tried the inmate shall be notified in writing at least 10 days before the first application for parole is acted upon and if they so request be given like notice of such subsequent application." As the circuit court and court of appeals correctly concluded, the duties imposed by this provision are ministerial in nature. This portion of the statute merely requires the performance of a specific task, namely, the giving of notice. It requires that the mode of this communication be in writing, and fixes the time and occasion of performance at ten days prior to the taking of action on the application for parole. If notice was improperly given contrary to the requirement of this provision, then, under *Lister,* the defendants would not be shielded by immunity.

K.L. contends that an actionable breach of sec. 57.06(1)(a), Stats., occurred because notice was not given to Deputy District Attorney Malmstadt, who actually

appeared and prosecuted Jones at trial. She argues this is contrary to the requirement that the "district attorney ... who tried the inmate shall be notified ...." The defendants argue that the plain language of this statute requires notification of the "district attorney" and that, under sec. 59.47, the elected district attorney for each county has a duty to try all actions in that county.[3] Therefore, they claim notice was properly given to District Attorney McCann, who was duly elected district attorney for Milwaukee county when Jones was tried.

A determination of what is imposed by a ministerial duty is a question of law which an appellate court reviews without deference to lower court findings. *See Larsen v. Wisconsin Power & Light Co.,* 120 Wis. 2d 508, 516, 355 N.W.2d 557, 562 (Ct. App. 1984). As the differing interpretations of each party demonstrate, the language, "the district attorney ... who tried the inmate," may be reasonably construed in two different ways, either as the person elected to the post of district attorney, or the person who prosecuted the defendant at trial, whether the elected district attorney or a deputy or assistant district attorney. We look, therefore, to the scope, history, context, subject matter and object of this statutory provision to help resolve this ambiguity and ascertain legislative intent as to its meaning. *In Interest of P.A.K.,* 119 Wis. 2d 871, 878–79, 350 N.W.2d 677, 681–82 (1984).

---

[3]Sections 59.47(1), Stats. (1985–86), states:

**59.47 District Attorney; duties.** The district attorney shall:

(1) Prosecute or defend all actions, applications or motions, civil or criminal, in the courts of his county in which the state or county is interested or a party; and when the place of trial is changed in any such action or proceeding to another county, prosecute or defend the same in such other county.

The legislative history of sec. 57.06(1), Stats. shows that the district attorney notification requirement was created in 1919. At that time, the pertinent language of the statute required ten days written notice to the district attorney "who participated in the trial of the prisoner." 1919 Wis. Laws 615, sec. 8. Language similar to that currently used, requiring notice to the district attorney "who tried an inmate," was adopted in 1947. 1947 Wis. Laws 477. The only other substantive change to this provision was made in 1955, when language was added to allow a district attorney to request notice of subsequent applications for parole after the first application. 1955 Wis. Laws 260. The drafting record is silent as to the purpose for which these changes were created. Standing alone, they do not clarify the meaning with which the legislature intended to imbue this provision. We next examine these changes, therefore, in relation to pertinent case and statutory law.

K.L. contends that *State ex rel. Zabel v. Hannan,* 219 Wis. 257, 262 N.W. 625 (1935), supports her position that the prosecutor who actually appeared at trial must be notified. We disagree. In *Zabel,* the court required notice to be given to District Attorney William A. Zabel, who was holding office at the time a parole applicant was convicted, rather than allowing notice to be given to the district attorney who held the office immediately before Zabel. An examination of the record of the trial convicting Issac Rosenberg, whose parole was the subject of the *Zabel* case, shows that a deputy district attorney and a first assistant district attorney actually appeared and prosecuted Rosenberg at trial. *See State v. Rosenberg,* 212 Wis. 434, 249 N.W. 541 (1933). Yet, under *Zabel,* notice was deemed to have been properly given to the elected

district attorney, Zabel, as the district attorney who "participated in the trial of the prisoner," paralleling the version of the language of sec 57.06(1) in use at the time of Rosenberg's trial. It was apparently unquestioned that the elected district attorney in office at the time of trial should receive the statutory parole notice, not his deputy or assistant, though they prosecuted Rosenberg and successfully argued the case on appeal.

Additionally, the current language of sec. 57.06, requiring notice to the district attorney "who tried an inmate," is consistent with the requirement of sec. 59.47(1), Stats., that the district attorney "prosecute or defend all actions, applications or motions, civil or criminal, in the courts of his county in which the state or county is interested or a party ..." K.L.'s argrument that deputy and assistant district attorneys have the authority under sec. 59.46(1), to perform all the duties of the district attorney, fails to note the express provision of that statute that this power vests "under the district attorney's direction"[4] The duty of charging and trying all cases in a county is the sole responsibili-

---

[4]Section 59.46(1), Stats. (1985–86), reads:

**59.46 Assistants in special counties.**

(1) The district attorney of any county having a population of 200,000 or more may appoint 3 deputy district attorneys and such assistants as may be authorized by the county board. The deputies according to rank have authority to perform all the duties of the district attorney, *under the district attorney's direction,* and in the absence or disability of the district attorney, the deputies, according to rank, may do and perform all the acts required by law to be performed by the district attorney .... The assistants, when appointed, have full authority to perform all the duties of the district attorney, *under the district attorney's direction. ...* (Emphasis added).

ty of the district attorney, who must oversee the acts of any deputy or assistant performing in the district attorney's stead. *See Sears v. State,* 94 Wis. 2d 128, 133–134, 287 N.W.2d 785, 787–88 (1980); secs. 59.46(1), 59.47(1). Ultimate control and prosecution of Jones' case was the statutory responsibility of District Attorney McCann, regardless of whether actual prosecution at trial was assigned to a deputy district attorney.

The purpose of the notice provision of sec. 57.06(1) is fulfilled by an interpretation requiring notice to the district attorney who has the statutory duty to try criminal actions, not his or her deputies or assistants. Therefore, plaintiff's cause of action concerning notice failed as a matter of law, since it is conceded that notice was in fact timely given to District Attorney McCann.

K.L. raises a second issue concerning the interpretation of subsection (2) of sec. 57.06, Stats., which states in pertinent part: "No such prisoner shall be paroled until the department is satisfied that suitable employment has been secured for him, unless otherwise provided for by the department." The means by which this subjective determination of satisfaction is to be attained are not prescribed with specificity as to the time, mode and occasion of performance, but are left to the judgment of the department. The determinations concerning securing employment or making other provision for the parolee which result in the department's satisfaction, are, therefore, discretionary in nature. *See Tyler v. State Dept. of Public Welfare,* 19 Wis. 2d 166, 170, 119 N.W.2d 460, 463 (1963).

Under limited circumstances, immunity has been abrogated for public officials' acts, even when their duty is discretionary in nature. To expose an official to liability for a discretionary duty, a party must show that the action taken was either "wholly outside" discretionary authority, *Pavlik v. Kinsey,* 81 Wis. 2d 42, 50, 259 N.W.2d 709, 712 (1977), or was based on malicious, willful, intentional conduct, *Ibrahim v. Samore,* 118 Wis. 2d 720, 728, 348 N.W.2d 554, 558 (1984). Neither of these is alleged by K.L. Instead, a duty is claimed to have been breached because parole board members did not meaningfully comply with the statutory requirement when they noted only the "potential" for employment. We are unpersuaded that the complaint states, as a matter of law, an actionable breach of the duty imposed by the statute.

The legislative history of sec. 57.06(2), Stats., is helpful in discerning the extent to which the department must currently be concerned with employment of the parolee. In comparison with present statutory provisions, the original parolee employment requirement was quite strict. The precursor to sec. 57.06(2), sec 4960c–4, stated, "No prisoner shall be paroled until some employment or situation has been secured for such prisoner and it shall satisfactorily appear to such board of control that such employment or position is suitable in every way and will continue for a period of at least one year." 1907 Wis. Laws 110. In 1919, the employment requirement was altered to read, "No such prisoner shall be paroled until it shall appear, to the satisfaction of said board, that some suitable employment has been secured for him ..." 1919 Wis. Laws 59. The legislative notes to the bill

113

creating this language, 1919 S.B. 59, written by the Committee on Judiciary, explain that:

> "The clause that the employment shall 'continue for a period of at least one year' is eliminated, because if enforced it would render the parole law inapplicable in many cases where the short term, or short remainder of the term, of imprisonment reduces the possible parole period to less than one year. Thus the limitation in effect defeats the salient purpose of the parole law, i.e., to put the prisoner again upon his feet; and, therefore, in practice it has been disregarded."

The duty of seeing that a parolee actually be employed was lessened further in 1943, when the requirement that "it shall appear to the satisfaction of the state department of public welfare, that some suitable employment [be] secured" was modified by the language, "unless otherwise provided for by the said department." 1943 Wis. Laws 313. With each change of the statute, the department's burden in seeing that actual employment was secured for a parolee has diminished.

This court has determined that where a statutory duty requires a subjective determination, this decision may not rest upon "prejudice or caprice" and there must be evidence that discretion was in fact exercised. *Scarpaci v. Milwaukee County,* 96 Wis. 2d 663, 690, 292 N.W.2d 816, 829 (1980). The record shows a preparole plan was prepared and reviewed by the Board for Jones prior to his release which included references to obtaining employment and to completion of education preparatory to obtaining employment. No showing of prejudice or caprice in the exercise of

discretion concerning Jones' employment is evidenced by the record. As a result, we conclude that these efforts met the statutory duty that the department be "satisfied that suitable employment has been secured for [the parolee], unless otherwise provided for by the department."

We hold that summary judgment was properly granted by the circuit court because neither claim alleged by K.L. stated an actionable breach of duty.

*By the Court.*—The decision of the court of appeals is affirmed.