STATE of Wisconsin EX REL. Richard Arthur
GIROUARD, Petitioner,†

v.

CIRCUIT COURT FOR JACKSON COUNTY, Hon.
Robert W. Radcliffe, Presiding, Respondent.

Court of Appeals

*No. 88-2047-W. Submitted on motion December 12, 1988.—
Decided March 9, 1989.*

(Also reported in 439 N.W.2d 833.)

† Petition to review granted.

For the petitioner the cause was submitted on the brief of *Martha A. Gaines,* of Madison.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *James H. McDermott,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Richard Girouard, an incarcerated indigent, appeals[1] from an order denying his motion for

---

[1]Girouard filed his petition for a supervisory writ with both the clerk of the court of appeals and the clerk of the circuit court. Notices of appeal are filed with the clerk of the circuit court. Sec. (Rule) 809.10(1), Stats. We may construe petitions for supervisory

a free transcript in his pending appeal of a judgment denying him visitation rights with his daughter. Girouard moved under sec. 814.29(1), Stats., which requires a court, upon approving a person's affidavit of indigency, to waive the payment of any service or other fees in actions or proceedings in any court. The issue is whether sec. 814.29(1) provides an indigent a right to a free transcript in an appeal of an order denying him visitation rights. Because we conclude sec. 814.29(1) does not, we affirm.

The trial court ordered that Girouard, an incarcerated indigent, be denied visitation rights with his daughter. Girouard then moved the court for an order waiving transcription costs pursuant to sec. 814.29(1), Stats., so he could appeal the court's order denying him visitation rights. The court denied Girouard's motion, and he appeals.

The question whether sec. 814.29(1), Stats., provides an indigent a right to a free transcript so he can appeal from an order denying him visitation rights requires statutory interpretation. We review such questions de novo. *E.S. v. Seitz,* 141 Wis. 2d 180, 184, 413 N.W.2d 670, 672 (Ct. App. 1987).

> Our purpose in construing a statute is to ascertain the legislature's intent and give it effect. Our primary source in construing a statute is that statute's language, and, absent ambiguity, our duty

writs as notices of appeal. *State ex rel. Brennan v. Branch 24 of Cir. Ct.,* 104 Wis. 2d 72, 74, 310 N.W.2d 629, 630 (Ct. App. 1981). We look beyond labels to ascertain the correct nature of a document. *In re Incorporation of Town of Fitchburg,* 98 Wis. 2d 635, 647–48, 299 N.W.2d 199, 205 (1980). We therefore treat Girouard's petition as an appeal from the trial court's final order denying his motion for a free transcript.

is to give that language its ordinary meaning. The "entire section of a statute and related sections are to be considered" in construing or interpreting the words of a statute. The threshold question in reviewing a statute is whether the statutory language is ambiguous, that is, if "reasonable persons could disagree as to its meaning." If a statute is unclear, we will "endeavor to discover the legislature's intent as disclosed by the scope, history, context, subject matter and purpose of the statute."

*Dieckhoff v. Severson,* 145 Wis. 2d 180, 189–90, 426 N.W.2d 71, 73 (Ct. App. 1988) (citations omitted).

Section 814.29(1), Stats., provides in part:

Any person may commence, prosecute or defend any action or proceeding in any court, or any writ of error or appeal therein, without being required to give security for cost or to pay any service or fee, upon filing in the court, and receiving approval of the affidavit by the court, his or her affidavit that because of his or her poverty the person is unable to pay the costs of the action or proceeding, or any writ of error or appeal therein, or to give security for the same, and that the person believes that he or she is entitled to the redress that he or she seeks in the action or proceeding, or writ of error or appeal, and setting forth briefly the nature of the cause or appeal, or defense.

It is undisputed that the trial court approved Girouard's sec. 814.29(1), Stats., affidavit. The court denied Girouard's motion because it concluded that the costs and fees waivable under sec. 814.29(1) did not include transcription costs. On appeal, Girouard claims that the terminology "any service or fee" in sec. 814.29(1) includes transcription costs. The state contests this interpretation.

581

We conclude that reasonable persons could disagree as to whether the language of sec. 814.29(1), Stats., allows free transcripts to indigents in a civil appeal. The dissent suggests that sec. 814.29(1) is not ambiguous, and that therefore we should not resort to the legislative history to determine the legislature's intent. However, the parties assign different interpretations to the scope of the statute. The supreme court has said that where this occurs, "an ambiguity arises." *County of Milwaukee v. LIRC,* 139 Wis. 2d 805, 818, 407 N.W.2d 908, 913 (1987). In addition, in *K.L v. Hinickle,* 144 Wis. 2d 102, 109, 423 N.W.2d 528, 531 (1988), the court noted that "[a]s the differing interpretations of each party demonstrate, the language ... may be reasonably construed in two different ways ...." Further, the supreme court has consistently said that the spirit or intention of a statute should govern over the literal or technical meaning of the language used. *City of Madison v. Town of Fitchburg,* 112 Wis. 2d 224, 236, 332 N.W.2d 782, 787 (1983). We are bound by supreme court decisions. *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984). Because we independently conclude that reasonable people could differ as to the meaning of the statutory language, *Seitz,* 141 Wis. 2d at 184, 413 N.W.2d at 672, and that therefore the statute is unclear, we look to the scope, history, context, subject matter and purpose of sec. 814.29(1) to discover if the legislature intended that indigents be given free transcripts in civil appeals. *Dieckhoff,* 145 Wis. 2d at 190, 426 N.W.2d at 73.

Section 814.29(1), Stats., was amended by sec. 85vx, ch. 317, Laws of 1981. It previously read, "[a]ny person may commence, prosecute or defend any ... appeal ... without being required to give security for

cost or to pay any service or clerk's fee or suit tax ...."
The amendment deleted the word "clerk's" before "fee"
as well as "suit tax," and made other nonsubstantive
changes. Before this Act, court reporter fees for prepar-
ing transcripts were only mentioned in sec. 757.57,
Stats. The Act included them in subchapter II of ch.
814, "Court Fees." Sec. 85vy, ch. 317, Laws of 1981.

We first consider whether, prior to the 1981 amend-
ment, sec. 814.29(1), Stats., allowed indigents free
transcripts in civil appeals. This would be so if the
items listed, i.e., "service or clerk's fee or suit tax,"
included transcript preparation costs. A "service fee"
meant then, as now, the amount the sheriff collected for
serving, or attempting to serve, a summons or any other
process. Sec. 59.28(1), Stats. 1979; sec. 814.70(1). Tran-
script costs were not listed under "clerk's fees" before
the 1981 amendment nor after. Sec. 59.42(2), Stats.
1979; sec. 814.61. Nor were transcript costs included in
the "suit tax." Sec. 814.21, Stats. 1979. We conclude
that prior to the 1981 amendment, sec. 814.29(1) did not
provide for free transcripts for indigents in a civil
appeal.

The next question is whether the legislature's
intent in amending sec. 814.29(1), Stats., was to provide
indigent appellants in civil cases with free transcripts.
We think not. Section 85vx, ch. 317, Laws of 1981,
changed the phrase "service or clerk's fee or suit tax" in
the prior version of sec. 814.29(1), to "service or fee."
Under Girouard's theory, this word change expanded
the class of those items previously included in the
statute to include civil appeal transcript costs. How-
ever, the drafting record of 1981 Senate Bill 783, which
became ch. 317, Laws of 1981, contains no indication

that the legislature intended this expansion. In addition, where the legislature has provided for free transcripts for indigents, such as in sec. 967.06, Stats., the legislature has also indicated who is to pay for these transcripts. No similar provision is made in sec. 814.29(1). We conclude that the legislature did not intend to provide free transcripts for indigent litigants in civil appeals when it enacted ch. 317, Laws of 1981.

Girouard also argues that court reporter fees for transcripts are now listed under subchapter II, Court Fees, ch. 814, Stats., and are therefore waivable under sec. 814.29(1). This argument fails in view of our earlier holding. Because we conclude that "service or fee" as used in sec. 814.29(1) does not encompass the cost of a transcript in a civil appeal, we affirm the trial court's order.

*By the Court.*—Order affirmed.

SUNDBY, J. (*dissenting*). We may, in an appropriate case, interpolate, reject and transpose words in a statute to render a legislative enactment capable of being given a sensible effect in accordance with the purpose of the lawmakers. *NCR Corp. v. Revenue Dept.*, 128 Wis. 2d 442, 457, 384 N.W.2d 355, 363 (Ct. App. 1986). However, "[u]nless an interpretation of a statute would lead to ludicrous or *plainly unintended results,* our function is not to rewrite the statute." *In Interest of G. & L.P.*, 119 Wis. 2d 349, 355, 349 N.W.2d 743, 746 (Ct. App. 1984) (emphasis added). Unfortunately, in this case we cannot know, but only suspect that when the legislature amended sec. 814.29(1), Stats., it dropped a stitch.

I agree with Judge Learned Hand that, "There is no surer way to misread any document than to read it literally ...." *Guiseppi v. Walling,* 144 F.2d 608, 624 (2d

Cir. 1944) (Hand, J., concurring), *quoted in Massachusetts Bonding & Insurance Co. v. United States,* 352 U.S. 128, 138 (1956) (Frankfurter, J., dissenting). We are admonished, however, that if the meaning of a statute is clear and unambiguous, we are to read it as written and not resort to extrinsic aids, such as the legislative history, for the purpose of statutory construction. *St. ex rel. Smith v. Oak Creek,* 139 Wis. 2d 788, 798, 407 N.W.2d 901, 905 (1987).[1] What the majority does, however, is to take a perfectly clear statute, find it ambiguous and amend it by judicial construction. The majority may be correct that the legislature did not intend the result compelled by the plain language of the statute, but it is highly dangerous for courts to amend a statute by judicial construction on the assumption that the legislature did not mean what it said.

By ch. 317, Laws of 1981, secs. 85vg through 85vy, the legislature collected, revised and reenacted statutes relating to court costs and fees. Many of these sections had been scattered throughout the statutes. In the process, the legislature struck from sec. 814.29(1), Stats., "clerk's" and "or suit tax." The resulting statute permits waiver of "any service or fee." The majority

---

[1]The majority suggests that the vast number of cases holding as does *Smith* have been overruled *sub silentio* by *County of Milwaukee v. LIRC,* 139 Wis. 2d 805, 818, 407 N.W.2d 908, 913 (1987), and *K.L. v. Hinickle,* 144 Wis. 2d 102, 109, 423 N.W.2d 528, 531 (1988). The court in those cases merely noted that the parties disagreed as to the meaning of a statute. Even where the parties agree that a statute is ambiguous, we are not bound by that agreement. *Rev. Dept. v. EAA Aviation Foundation,* 143 Wis. 2d 681, 684, 422 N.W.2d 458, 460 (Ct. App. 1988). I refuse to accept that the Wisconsin Supreme Court in the cited cases intended, without discussion, to overrule a canon of statutory construction firmly implanted in the jurisprudence of all states and all federal jurisdictions.

concludes that the legislature could not have intended to apply sec. 814.29(1) to fees of court reporters for transcripts under sec. 814.69. This conclusion is not, however, based upon the plain language of the statute as amended but upon the statute as it existed prior to the amendment.

Presumably, clerk's fees will still be waivable. If not, the statute is meaningless. To achieve that result, however, the majority restores a word to the statute which the legislature purposively deleted. I believe we should give the word "fee" in sec. 814.29(1), Stats., its plain meaning and allow the legislature to pick up the dropped stitch. I respectfully dissent.