# TDS REALESTATE INVESTMENT CORPORATION and Central State Telephone Co., Plaintiffs-Respondents,

v.

# CITY OF MADISON, a municipal corporation, Defendant-Appellant.

Court of Appeals

*No. 89-0153. Submitted on briefs April 12, 1989.—Decided June 27, 1989.*

(Also reported in 445 N.W.2d 53.)

530

For the defendant-appellant the cause was submitted on the briefs of *Henry A. Gempeler,* city attorney, and *Larry W. O'Brien,* assistant city attorney.

For the plaintiffs-respondents the cause was submitted on the brief of *Michael J. Westcott* and *Edith F. Merila,* and *Axley Brynelson,* of Madison.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J. This is an action for declaratory relief. TDS Realestate Investment Corporation and Central State Telephone Co. seek a declaration that the real

estate used by Central State in part for operating purposes and in part for nonoperating purposes is subject to proportional assessment for taxation under sec. 76.38(8), Stats. We conclude that it is not and therefore reverse the order and judgment.

The facts are undisputed. TDS owns real estate and improvements thereon in the City of Madison. It leases a portion of the principal improvement, an office building, to Central State, where Central State has its principal place of business. Central State is subject to a telephone license fee under sec. 76.38, Stats. Section 76.38(8)[1] provides that such license fee shall be in lieu of all other taxes on all property used and useful in a telephone company's business in this state. Section 70.112(4), Stats.,[2] exempts from general property taxes all property

[1]Section 76.38(8), Stats., provides in full:

The license fees imposed by this section upon the gross revenues of telephone companies as defined in sub. (1) shall be in lieu of all other taxes on all property used and useful in the companies' operation as telephone companies in this state, except that the same shall be subject to special assessments for local improvements. If a general structure is used and useful in part in the operation of the business of those companies as telephone companies in this state and in part for nonoperating purposes, the license fees imposed by this section are in place of the percentage of all other taxes on the property that fairly measures and represents the extent of the use and usefulness in the operation of the business of those companies as telephone companies in this state, and the balance is subject to local assessment and taxation, except that the entire general structure is subject to special assessments for local improvements.

[2]Section 70.112, Stats., provides in part:

The property described in this section is exempted from general property taxes:

. . ..

(4) All . . . property of any . . . telephone company . . . that is used and useful in the operation of the business of such company . . .. If a general structure for which an exemption is sought under this section is used and useful in part in the . . . business of any . . .

of a telephone company used and useful in the company's business.

TDS and Central Telephone do not, in their pleadings or brief, discuss sec. 70.112(4), Stats., but it is clear that the statute must be considered. Section 76.38(8), Stats., imposes a license fee in lieu of all other taxes; however, sec. 70.112(4) creates and defines the exemption from general property taxes of telephone company property used and useful in the company's business.

Both the licensing statute and the exemption statute require proportional assessment for taxation of telephone company property used and useful in part for operating purposes and in part for nonoperating purposes.

Applying these statutes, in 1987 the city assessor determined that TDS's real estate was subject to assessment and taxation by the city in its entirety and that ninety percent of the value of the improvements was subject to local assessment and taxation. TDS and Central State argue that the real estate should also have been subject to proportional assessment, under sec. 76.38(8), Stats.

██

Section 76.38(8), Stats., establishes for telephone companies an "in lieu of all other taxes" tax plan. " 'In lieu of all other taxes,' license fees and gross receipts taxes were a recognized legislative alternative to traditional taxation in Wisconsin as long ago as the second half of the nineteenth century." *Wisconsin Tel. Co. v. Milwaukee,* 85 Wis. 2d 447, 455, 271 N.W.2d 362, 365–66

telephone company . . . and in part for nonoperating purposes of the . . . company . . . that general structure shall be assessed for taxation under this chapter at the percentage of its full market value that fairly measures and represents the extent of its use for nonoperating purposes.

(1978) (footnote omitted). The purpose of these devices, which are applicable to other utilities as well as telephone companies, has been to effect an equitable distribution to local governments of tax proceeds from utilities whose earnings derive from business generated over a large area encompassing many separate municipalities, but whose tangible properties are concentrated in only a few municipalities. *Wisconsin Tel. Co.,* 85 Wis. 2d at 455-56, 271 N.W.2d at 366.

The "in lieu" license fee for telephone companies was first enacted by ch. 345, Laws of 1883, which provided that the license fee imposed thereunder was in lieu of all taxes, except taxes upon real estate "which is in nowise connected with or in anywise used in the prosecution of such telephone business." *See* I Annot. Stats. sec. 1222a, para. 5, (1889).

The exemption accorded by sec. 70.112(4), Stats., is to be given a liberal construction in favor of Central State because the exemption is "in lieu" of another form of taxation. *Wisconsin Tel. Co.,* 85 Wis. 2d at 456, 271 N.W.2d at 366.

Under the licensing and exemption statutes, property of a telephone company is not subject to local assessment and taxation if it is "used and useful" in the operation of the company's business. This qualifying language was contained in sec. 70.112(4), Stats., which was created by sec. 2, ch. 63, Laws of 1949. Prior thereto the exemption for property of telephone companies was found in sec. 70.11(20), Stats. (1947), which exempted from general property taxes, "[t]he property of all telephone companies . . . except real estate not used in carrying on their business."

In 35 Op. Att'y Gen. 479 (1939), the attorney general was asked whether sec. 70.11(20), Stats., permitted

local assessment of a fractional part of a building not used in carrying on the telephone business. The attorney general was referred to previous opinions in which he had opined that under this section fractional assessments were permitted. The attorney general stated, however, that:

> Such interpretation has not been followed by the tax commission since the decisions of the supreme court, *Lincoln Fireproof Warehouse Co. v. Milwaukee,* 208 Wis. 70, [241 N.W. 623, *cert. dismissed,* 287 U.S. 567 (1932)] *Terminal Warehouse Co. v. Milwaukee,* 205 Wis. 607, [238 N.W. 513 (1931)] construing a somewhat like provision of the statutes . . ..

35 Op. Att'y Gen. at 480–81.

*Terminal Warehouse Co.* and *Lincoln Fireproof Warehouse Co.* were companion cases. They both involved the assessment of a warehouse located on railroad property. In *Terminal Warehouse Co.,* the court stated: "The underlying principle . . . is that where an elevator, warehouse, dock, hotel, or other property situated on railroad property is principally used in the operation of the railroad it is not taxable locally, and when it is not principally so used it is taxable locally." 205 Wis. at 612, 238 N.W. at 515. In *Lincoln Fireproof Warehouse Co.,* the court stated that the rule of *Terminal Warehouse Co.* was that, if the property is not to be locally assessed, the use for railroad purposes must be "the dominant or principal use of the property involved." 208 Wis. at 73, 241 N.W. at 624.

The attorney general stated that because fractional assessments were not recognized in these cases, the tax commission, since these decisions, "has felt that fractional assessment is not proper under sec. 70.11(20)." 35 Op. Atty. Gen. at 481. The attorney general further

535

stated: "Since approximately 1933, the tax commission has felt bound to adopt the same test with respect to real estate owned by a telephone company." *Id.*

There is no dispute that until 1981 the "dominant" or "principal" rule was followed in determining whether telephone company property was assessed locally or was exempted under sec. 70.112(4), Stats., and its predecessor, sec. 70.11(20). In 1981, however, the legislature required proportional assessment for taxation of property of public utilities, including telephone companies, used and useful in part for operating purposes and in part for nonoperating purposes. The following language was added to sec. 76.38(8), Stats.:

> If a general structure is used and useful in part in the operation of the business of . . . [telephone] companies in this state and in part for nonoperating purposes, the license fees imposed by this section are in place of the percentage of all other taxes on the property that fairly measures and represents the extent of the use and usefulness in the operation of the business of . . . [telephone] companies . . . and the balance is subject to local assessment and taxation . . ..

Sec. 1113, ch. 20, Laws of 1981. Section 1048 of the same act added the following to sec. 70.112(4):

> If a general structure for which an exemption is sought under this section is used and useful in part in the . . . business of any telephone company . . . and in part for nonoperating purposes . . . that general structure shall be assessed for taxation under this chapter at the percentage of its full market value that fairly measures and represents the extent of its use for nonoperating purposes.

The parties disagree as to the effect of these amendments. The city claims that the amendments permit the

536

fractional or proportional assessment of structures but not of land. It points to the fact that the amendments refer to general structures and not real estate. TDS and Central State argue that the reference to general structures in sec. 76.38(8), Stats., is only a "triggering" qualification. In other words, if it is found that a general structure for which an exemption is sought is used and useful in part in the telephone company's business and in part for nonoperating purposes, that finding triggers a proportional assessment of the company's property, which it claims includes real estate as well as general structures.

██

We conclude that sec. 76.38(8), Stats., is ambiguous. A statute is ambiguous if it may be construed in different ways by reasonably well-informed persons. *Rev. Dept. v. EAA Aviation Foundation,* 143 Wis. 2d 681, 684, 422 N.W.2d 458, 460 (Ct. App. 1988). The construction of sec. 76.38(8) urged by TDS and Central State is reasonable.

The ambiguity of sec. 76.38(8), Stats., is, however, resolved in favor of the city's position by the language added to sec. 70.112(4), Stats., by sec. 1048, ch. 20, Laws of 1981. Under the exemption language, if a general structure for which an exemption is sought is used and useful in part for the company's business and in part for nonoperating purposes, *"that general structure"* (emphasis added) shall be assessed for taxation under ch. 70 at the percentage of its full market value that represents the extent of its use for nonoperating purposes. The real estate used by Central State is exempt from local assessment and taxation only if its "dominant" or "principal" use is for operating purposes. In view of the plain language of sec. 70.112(4), a liberal construction of the statute does not permit a partial exemption of that

part of TDS's real estate used by Central State for operating purposes.

The legislative history of the amendments to the licensing and exemption statutes supports this construction. "One of the most valuable extrinsic aids of judicial construction is legislative history." *State v. Vonesh,* 135 Wis. 2d 477, 483, 401 N.W.2d 170, 173 (Ct. App. 1986) (quoting *Milwaukee Co. v. Labor & Ind. Rev. Comm.,* 113 Wis. 2d 199, 204, 335 N.W.2d 412, 415 (Ct. App. 1983)).

The legislative history reveals that the amendments to secs. 70.112(4) and 76.38(8), Stats., were proposed by the department of revenue. As originally proposed, the amendments referred to the "real property" of telephone companies. In a letter to the chairpersons of the joint finance committee, Anthony Earl, former secretary of the department of natural resources, suggested that the bill (assembly bill 66)[3] as drafted could create problems for utilities required to own real estate around flowages and power plants (the bill applied also to electric utilities). Subsequent to this letter a motion was adopted by the committee to include within the committee's substitute amendment to assembly bill 66 the language suggested by Mr. Earl. Mr. Earl's letter stated: "We would like to suggest a maintenance of the status quo, with a shift to proportional taxation in the case of general purpose structures used only in part for utility purposes." The status quo, of course, was that proportional or fractional assessment of utility property was not permitted.

The purpose of the motion adopted by the joint finance committee is explained in a note which reads in part: "Under current administrative practice, jointly-used property is taxed either as a utility or by the local

---

[3] Assembly bill 66 became ch. 20, Laws of 1981.

taxation district according to its predominant use. This motion would tax jointly-used general structures proportionately to their use. AB 66 would tax *all* jointly-used property proportionately to its use." (Emphasis added.) It is thus clear that the purpose of the motion was to limit the application of the bill to utility general structures. The legislature intended to require proportional or fractional assessment only of utility general purpose structures and not utility real estate used in part for operating purposes and in part for nonoperating purposes.

The department of revenue has adopted this construction of secs. 70.112(8) and 76.38(8), Stats. Its property assessment manual states:

> While part of a general structure may be assessed locally and part by the Department of Revenue, this is not the case with land. In cases where a property is used in part for the operation of a public utility and in part for non-operating purposes, the land is either completely exempt from local taxation, or entirely subject to local taxation, depending upon the predominant use.

*Wisconsin Property Assessment Manual,* Vol. 1, Part 1 at 15–13 (rev'd 12/88).

Sections 70.32(1) and 70.34, Stats., require that local assessors value real and personal property according to the manual which the department is required by sec. 73.03(2a), Stats., to prepare and distribute for use by local assessors. Contrary to the position of TDS and Central State, we conclude that we should give considerable weight to the manual's advice to local assessors as to the proportional assessment of utility property. Assessors who do not follow the *Wisconsin Property Assess-*

*ment Manual* may be removed from office. *Flood v. Lomira Board of Review,* 149 Wis. 2d 220, 227, 440 N.W.2d 575, 578 (Ct. App. 1989). *See also Darcel v. Manitowoc Review Bd.,* 137 Wis. 2d 623, 405 N.W.2d 344 (1987).

The agency which is now known as the department of revenue has annually computed and assessed telephone company license fees since enactment of the "in lieu" license fee in 1883. Since approximately 1933, according to the attorney general, the agency has applied the "dominant" or "principal" use test to local assessment and taxation of utility nonoperating property. The department proposed the 1981 amendments to permit proportional assessment for taxation by localities. TDS and Central State cannot argue convincingly that the department has given no thought or attention to the problem of assessing utility operating and nonoperating property.

The *Wisconsin Property Assessment Manual* is the department's fulfillment of the legislative charge to it under sec. 73.03(2a), Stats., to "discuss and illustrate accepted assessment methods, techniques and practices with a view to more nearly uniform and more consistent assessments of property at the local level." The legislature has expressed its confidence in the department's expertise by requiring that local assessors assess real estate, sec. 70.32(1), Stats., and personal property, sec. 70.34, in the manner specified in the manual. We defer to that expertise.

█

In any event, we conclude that the department has correctly interpreted secs. 70.112(4) and 76.38(8), Stats., and properly instructed local assessors as to the proportional assessment for taxation of the property of a telephone company used and useful partly for operating pur-

poses and partly for nonoperating purposes. The assessment of TDS's property according to the *Wisconsin Property Assessment Manual* complies with secs. 70.112(4) and 76.38(8).

*By the Court.*—Judgment and order reversed.