STATE of Wisconsin EX REL. Richard Arthur
GIROUARD, Petitioner,

v.

CIRCUIT COURT FOR JACKSON COUNTY,
Honorable Robert W. Radcliffe, Presiding, Respondent.

Supreme Court

*No. 88-2047-W. Argued January 5, 1990.—Decided May 10,
1990.*

(Also reported in 454 N.W.2d 792.)

For the petitioner there were briefs by *Martha E. Gaines, Jack Longert, Susan Podebradsky* and *Legal Assistance for Institutionalized Persons Program,* Madison, and oral argument by *Ms. Gaines.*

For the respondent the cause was argued by *James H. McDermott,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

HEFFERNAN, CHIEF JUSTICE. This is a review of a decision of the court of appeals,[1] which affirmed an order of the circuit court for Jackson county, Robert W. Radcliffe, circuit judge, holding that sec. 814.29(1), Stats., did not authorize a waiver of payment of fees for a transcript to be used to pursue an appeal from an order denying Girouard, an indigent, visitation rights. We hold that sec. 814.29(1) authorizes the waiver, reverse the court of appeals, and direct that the matter be remanded to the circuit court for the purpose of making appropriate findings in respect to Girouard's eligibility under the conditions set forth in sec. 814.29(1) for the waiver of transcript fees.

---

[1] *State ex rel. Girouard v. Cir. Ct. for Jackson Co.,* 149 Wis. 2d 578, 439 N.W.2d 833 (Ct. App. 1989).

We digress from the discussion of the principal concern of this opinion—whether sec. 814.29(1), Stats., authorizes a trial judge to waive the requirement for payment of a fee for a trial transcript at the request of an appealing indigent who has arguable reason to believe he is entitled to redress on the appeal—to consider the unusual posture of this case.

On December 26, 1984, a divorce judgment was entered which provided, *inter alia,* that Girouard was not to be allowed visitation rights with the minor child of the parties. In December of 1986, Girouard petitioned the court for a revision of the judgment that would permit visitation. A hearing on his motion to revise the judgment was heard in January of 1987. Following some interim orders, the court on April 7, 1987, denied Girouard's motion. On August 6, 1987, Girouard brought a motion to reconsider the denial of the revision of the judgment. After hearing, the court, on July 29, 1988, denied the reconsideration, thus continuing to prohibit Girouard visitation rights with his daughter.

An *appeal* from this denial of the motion for reconsideration was taken by filing a notice of appeal in circuit court on October 27, 1988. On November 2, 1988, Girouard filed a petition for *supervisory writ* to compel the circuit court to grant a waiver of payment of transcript fees, a waiver that had previously been denied by the circuit court.

The case arises in the procedural posture where the petition for the supervisory writ was filed in November of 1988 and the notice for the appeal from the principal order of July 29, 1988, was filed on October 27, 1988.

For reasons that are not clear, the court of appeals chose to treat the petition for supervisory writ as the appeal from the final order denying the waiver of the transcription fees. As a result, the substantive appeal

from the final order of July 29, 1988, denying revision of visitation rights, remains pending.[2]

The statute in question, sec. 814.29(1), Stats., is unambiguous. That statute provides:

> **814.29 Security for costs, service and fees for indigents. (1)** Any person may commence, prosecute or defend any action or proceeding in any court, or any writ of error or appeal therein, without being required to give security for cost or to pay any service or fee, upon filing in the court, and receiving approval of the affidavit by the court, his or her affidavit that because of his or her poverty the person is unable to pay the costs of the action or proceeding, or any writ of error or appeal therein, or to give security for the same, and that the person believes that he or she is entitled to the redress that he or she seeks in the

---

[2]We do not question the court of appeals' discretion, under the facts of this case, to treat the petition for a supervisory writ as an appeal, because on the further review, taken discretionarily by this court, the parties were fully able to brief the merits—a right they were denied in the court of appeals when that court treated the supervisory writ as an appeal.

The problem arises because the court of appeals initially treated the petition for supervisory writ for what it was, but then decided to treat the matter as an appeal after allowing only the petition and response permitted on a writ. Thus, the right of the petitioner on an appeal to brief the merits and to respond to the circuit court's brief by a reply brief was denied. It was not until the court of appeals' decision was issued did either Girouard or the circuit court know that the matter had been treated not as a writ but as an appeal from a final order denying the waiver of the transcript fee. Once the court of appeals decided to treat the matter as an appeal, both parties should have been granted full briefing rights. Because they were accorded those rights by this court on review, we conclude that the parties were not prejudiced by the unusual procedures of the court of appeals.

152

action or proceeding, or writ of error or appeal, and setting forth briefly the nature of the cause or appeal, or defense. If the person subsequently recovers costs, the recovered amount shall first be applied to pay any service and filing fees which were waived under this subsection. This section does not prevent the affiant from recovering any service or fees waived under this section. If the person subsequently recovers these costs, the recovered amount shall be used to pay any costs waived under this section.

The question is whether Girouard, an indigent in a civil case, is entitled to a waiver of transcription fees on an appeal to the court of appeals if, in addition to being an indigent, he can satisfy the trial judge that the person "believes that he or she is entitled to the redress that he or she seeks in the . . . appeal." The answer is unequivocally "yes." Accordingly, we reverse.

The statute on its face provides that:

> Any person may commence . . . any action . . . in any court . . . or appeal therein, without being required to . . . pay any . . . fee, upon filing in the court . . . his or her affidavit that because of his or her poverty the person is unable to pay the costs of the action . . . or appeal . . ..

A simple question is presented: Is the charge for a transcript a "fee" referred to in sec. 814.29(1), Stats., and therefore waivable. Section 814.69(1) makes clear that reporter charges for a transcript are considered as fees.[3] That statute provides, "A court reporter shall collect the following *fees.*" (Emphasis supplied.) Thereafter appears the rate of fee to be charged by court reporters

---

[3]Chapter 814 covers the topics of *Court Costs and Fees.* Subchapter II, in which sec. 814.69(1) appears, defines and discusses *Court Fees.* Charges by reporters for transcripts are referred to and defined as "fees" by sec. 814.69(1), Stats.

for transcripts. Sections 814.69(1) and 814.29(1) were products of a single legislative act, ch. 317, Laws of 1981. It therefore is most unlikely that the legislature did not intend the words to have the same meaning. Section 814.69(1) defines the term, "fee," as it is used in the same legislative act.

Instead of looking to the language used in ch. 814, the court of appeals looked to legislative history to decide that "fees" as used in sec. 814.29(1), Stats., did not include transcript fees. It attempted to justify the use of legislative history by first concluding that the statute was ambiguous. It relied on statements of this court, taken out of context, that might indicate that, merely because the litigants disagree, as they do in the instant case, about the meaning of a statute, the statute is for that reason alone ambiguous. Principal reliance for this position is placed on this court's opinion in *County of Milwaukee v. LIRC*, 139 Wis. 2d 805, 818, 407 N.W.2d 908 (1987). Our court did indeed use the language, "The parties to this case assign different interpretations to the scope and meaning of the exception, and therefore an ambiguity arises." However, that statement was preceded by a several-page discussion of the conflicting interpretations given to the statute by the Labor and Industry Review Commission and the County of Milwaukee. The quoted statement was followed by a careful discussion of the basis for the respective contentions of the parties. It was implicit in the cited case that this court found ambiguity because the parties had posed differing interpretations that were reasonable. To the extent that our shorthand statement of the well understood rule concerning ambiguity is subject to misinterpretation, we state that the more appropriate rule is alluded to in the other case cited by the court of appeals,

154

*K.L. v. Hinickle,* 144 Wis. 2d 102, 109, 423 N.W.2d 528 (1988), wherein we said that an ambiguity arises where the language "may be *reasonably* construed in two different ways." (Emphasis supplied.) The construction must be reasonable. Ambiguity does not arise just because persons unreasonably reach different conclusions. Lest there be any confusion, we reiterate the proper rule for determining ambiguity. As stated in *State v. Wittrock,* 119 Wis. 2d 664, 669–70, 350 N.W.2d 647 (1984):

> A statutory term is deemed ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47 (1981). However, whenever a case such as this reaches the court, it naturally follows that the parties will obviously disagree as to the term's meaning. The court, then, will look to the language of the statute itself to determine whether well-informed persons should become confused as to a term's meaning.

■■■■

A question of statutory ambiguity can only arise when meaning is disputed, but it is inappropriate to conclude that each such dispute, *ipso facto,* leads to a conclusion of statutory ambiguity. If that were true, there could never be an unambiguous statute when the meaning of the legislature's words is in issue. Moreover, it has been repeatedly said that whether or not a statute is ambiguous is a question of law for the court. The litigants cannot limit the legal responsibility of the court to make that determination. The legal question for the court is simply, given the disagreement as to meaning, whether well informed persons should reasonably be confused about a statute's meaning. If the answer to that question is answered "yes" by the court, the statute is

ambiguous. Only then is resort to legislative history appropriate.

Moreover, a court cannot resort to statutory history for the purpose of rendering an otherwise clear statute ambiguous. *State ex rel. Smith v. Oak Creek,* 139 Wis. 2d 788, 407 N.W.2d 901 (1987). That is what the court of appeals did in this case. It looked to the prior statute and concluded that, under that statute, there could be no waiver of the requirement that payment for reporter's transcripts be paid for by the litigant. It then looked to the newly amended statute and reasoned, given its conclusion in respect to the prior statute, that the statutory changes were not sufficient to compel a different conclusion. This approach to statutory meaning reversed the appropriate order of reasoning. The court of appeals, having initially erred in respect to whether the present statute was ambiguous by relying only on the disagreement of the parties, then proceeded to construe the earlier statute that was not at issue and then applied that construction to the presently relevant statute.

In the absence of an ambiguity in the present statute, there can be no recourse to statutory history. Only the plain meaning of words in the normal sense, as used in the context of the statute, can be looked to. When a word used in a statute is defined in the statutes, that definition is controlling. "Fee" as used in sec. 814.29(1), Stats., is defined in sec. 814.69(1). Resort to definitions, statutory or dictionary, is appropriate for the purpose of determining meaning that is plain on the face of the statute. It is not necessary or appropriate to find ambiguity before looking to word definitions. *See State ex rel. Smith v. Oak Creek, supra,* 139 Wis. 2d at 798 n.6, and

*Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 51, 357 N.W.2d 548 (1984).

Applying this approach to the unambiguous statute, it is apparent that sec. 814.29(1), Stats., provides that a person may prosecute an appeal without being required to pay any fee, upon the court's approval of an affidavit that, because of poverty, the person is unable to pay the costs of the appeal and that the person believes that he or she is entitled to the redress sought.

In this case in its present posture, the only question is whether the charge for a transcript is a "fee" as contemplated in sec. 814.29(1), Stats. As sec. 814.69(1) clearly states, a court reporter's charge for a transcript is such a fee. This statute, passed contemporaneously with sec. 814.29(1) in the same public law, is the best possible proof of the identity of meaning. Resort to the dictionary meaning of the word, "fee," would yield the same conclusion. "Fee" is "1. a charge or payment for professional services." Synonyms are "stipend, salary, emolument; honorarium." *The Random House Dictionary of the English Language* (2d ed., Unabridged, 1987), pp. 705–06.

At oral argument, counsel for the circuit court acknowledged that the statute we are applying, on its face, broadened the prior judicial authority to waive fees. Counsel, however, consistent with the approach of the court of appeals, inappropriately relied on the earlier statute to find that, on the basis of the legislative history, there was no change in the court's authority. As we have pointed out, this approach was incorrect unless there was evidence of ambiguity in the statute presently being construed. It should be pointed out, in fairness to the circuit court's counsel, that he never attempted to justify or assert the untenable position that the present

statute was ambiguous. There simply is no ambiguity in the current statute.

Also, the language of the rules of the supreme court are consistent with the assertions of the petitioner seeking the waiver. SCR 71.04(11) refers to the payment to a reporter for a transcript as a "fee."[4] Moreover, the statute, sec. 814.69(1), Stats., specifically incorporates the provisions of SCR 71.04 and provides that the fee referred to in SCR 71.04(11) "shall be paid by the county treasurer upon the certificate of the clerk of court."

Contrary to the assertions of the court of appeals at 149 Wis. 2d 578, 584, the statute clearly states who shall pay the reporter when the obligation of an indigent to pay is waived by the court.

While not germane to the issue before us, sec. 814.29(1), Stats., provides that, if the person who benefits by the waived fees or costs subsequently prevails and recovers any fees as costs, that person is obligated to pay the amounts initially waived.[5]

---

[4] SCR 71.04(11) provides:

> For all transcripts furnished under this rule, the court reporter shall be entitled to receive fees as prescribed in section 814.69 of the statutes.

[5] When sec. 814.29(1), Stats., is read carefully, it is clear that the legislature does not distinguish between costs and fees and that the legislature intended to waive more than just the service and filing fees in sec. 814.29(1):

> If the person subsequently recovers *costs,* the recovered amount shall first be applied to pay any service and filing *fees* which were waived under this subsection. This section does not prevent the affiant from recovering any service or *fees* waived under this section. If the person subsequently recovers these *costs,* the recovered amount shall be used to pay any *costs* waived under this section. [Emphasis supplied.]

This language illustrates that the terms, "fee" and "cost," are

It should further be noted that a meritless assertion by a putative appellant will not furnish a foundation for a judicially ordered waiver of fees. The individual must be found to be indigent by the court, and the person must present a claim upon which relief can be granted. *State ex rel. Rilla v. Dodge County Circuit Court,* 76 Wis. 2d 429, 433, 251 N.W.2d 476 (1977). We stated there, "[T]he claim [must be] arguably meritorious."

In sum, we conclude that the legislature unmistakably stated, without ambiguity, that payment for fees for transcripts on appeal may be waived if the conditions of sec. 814.29(1), Stats., are met. As the dissent in the court of appeals correctly stated, the conclusion of the majority that the legislature could not have intended to apply sec. 814.29(1) to fees of court reporters for transcripts under sec. 814.69 is not based upon the plain language of the statute as amended but upon the statute as it existed prior to the amendment.

As we have pointed out, the majority of the court of appeals by positing an ambiguity where none existed construed the wrong statute and reached an incorrect result.

We accordingly reverse the decision of the court of appeals. We remand the matter to the circuit court, directing that court to make the determination whether or not the admittedly indigent Girouard has an arguably meritorious claim that will warrant waiver of the fees for payment of a transcript. It appears to us that the appeal from the order of July 29, 1988, on the merits remains pending, but the time within which to further proceed on

---

used interchangeably. Because "fees" and "costs" are used interchangeably in this section and both may be waived as well as recovered, the circuit court's argument that transcripts are "costs" and not "fees" under sec. 809.25, Stats., is immaterial.

the appeal has been tolled until the final determination in respect to transcript waiver has been made by the circuit court.[6]

*By the Court.*—Decision reversed and cause remanded to the circuit court for further proceedings consistent with this opinion.

[6]In an appeal where the right to fee waiver is asserted under sec. 814.29(1), Stats., we suggest that the motion for waiver be filed in the circuit court at the same time the notice of appeal is filed.