STATE of Wisconsin, Plaintiff-Respondent,

v.

Grady ANDERSON, Defendant-Appellant.†

Court of Appeals

*No. 89-2390-CR. Submitted on briefs June 7, 1990.—Decided January 24, 1991.*

(Also reported in 466 N.W.2d 681.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Steven D. Phillips,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Paul Lundsten,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   In this appeal, we decide that evidence of a conviction expunged under sec. 973.015(1), Stats., is not admissible under sec. (Rule) 906.09(1), Stats., to attack the credibility of a witness. We therefore conclude that the fact that a state witness had been convicted of a crime which had been expunged was not material evidence which the state was required to disclose to the defendant. We affirm the circuit court's denial of defendant's motion for postconviction relief based on the state's failure to disclose and affirm defendant's conviction.

Grady Anderson was charged with intermediate battery, contrary to sec. 940.19(1m), Stats. His first trial resulted in a hung jury. Another jury found him guilty and judgment was entered on the verdict.

After trial, Anderson's counsel discovered in the state's case file, evidence that a state witness had been convicted of a misdemeanor. The file also revealed that the conviction had been expunged, pursuant to sec. 973.015(1), Stats. Anderson moved for a new trial because the state failed to disclose to him material evidence which he could have used to impeach the witness. The state argues that because the witness's conviction had been expunged under sec. 973.015(1), it was no longer a conviction which could be used to impeach the witness and, therefore, the state was not obliged to disclose the witness's conviction to the defendant. We agree.

Section (Rule) 906.09(1), Stats., provides that "[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible . . .."

Section 973.015(1), Stats., provides:

> When a person [is] under the age of 21 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum penalty is imprisonment for one year or less in the county jail, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

Apparently the state's witness was under the age of twenty-one when he committed the misdemeanor which was later expunged.

Anderson argues that expunction of a conviction does not render it automatically inadmissible for impeachment purposes, but rather, is simply a factor which the trial court may consider in deciding under sec. (Rule) 906.09(2), Stats., whether the probative value of evidence of a conviction is substantially outweighed by the danger of unfair prejudice.

Anderson compares sec. (Rule) 906.09, Stats., with its federal analogue, Rule 609, Federal Rules of Evidence. Wisconsin's rule bears little resemblance to its federal counterpart. Judicial Council Committee's Note, Wisconsin Rules of Evidence, 59 Wis. 2d at R177. The Wisconsin Supreme Court rejected federal rule 609(c), which excludes evidence of a conviction which has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure. The Judicial Council Committee's note includes the following:

> The Federal Rule by placing strict limitations upon the use of a criminal conviction makes the Rule administratively impractical. The limitations are appropriate but they should be considered by the judge in applying sub. (2).

The state acknowledges that the Judicial Council Committee's note supports a construction of sec. (Rule) 906.09(1), Stats., which allows a trial court to permit impeachment of a witness with an expunged conviction. The state argues, however, that because the rule was adopted by the supreme court before sec. 973.015(1), Stats., was enacted, the court could not have had the legislature's intent in mind. The state asserts that that intent must be gleaned from the language of the statute because there is no legislative history. We find that there is a helpful legislative history of sec. 973.015(1), if we may resort to it.

We examine the legislative history of a statute only if the statute is ambiguous. *State ex rel. Girouard v. Jackson County Circuit Ct.,* 155 Wis. 2d 148, 156, 454 N.W.2d 792, 795 (1990). On its face, sec. 973.015(1), Stats., is unambiguous. However, ambiguity can be created by the interaction of two separate statutes. *State v. Strohbeen,* 147 Wis. 2d 566, 572, 433 N.W.2d 288, 290 (Ct. App. 1988). Plainly, an ambiguity can arise because of the interaction of a statute with a supreme court rule. An ambiguity arises if reasonable persons may disagree as to the meaning of the statute or rule. *State ex rel. Girouard,* 155 Wis. 2d at 155, 454 N.W.2d at 795. Equally well-informed persons could reasonably differ as to whether evidence of a conviction which has been expunged under sec. 973.015(1), Stats., is admissible under sec. (Rule) 906.09(1), Stats., for the purpose of attacking the credibility of a witness. We therefore must construe the rule and the statute.

Section 973.015(1), Stats., was created in the act which created the Youthful Offenders Act.[1] Section

---

[1] Secs. 429 and 711m, ch. 39, Laws of 1975.

972.13(1), (2) and (6) were amended in the same act.[2] Section 972.13(1) was amended to add the following language: "[I]f the defendant is under the age of 21 a determination under s. 54.03 [of the Youthful Offenders Act] shall be made prior to the entry of judgment and if the defendant is found to be a youthful offender under that section, *a judgment of conviction shall not be entered* but rather the judgment shall be for disposition as a youthful offender." (Emphasis added.)

Thus, a determination of guilt of a youthful offender was not admissible under sec. (Rule) 906.09(1), Stats., because a youthful offender was not "convicted of a crime." The purpose of the Youthful Offenders Act was to shield qualified youthful offenders from some of the harsh consequences of criminal convictions. Section 54.01(2), Stats. (1975), provided in part: "It is the intent of this chapter to provide an alternative to procedures in the criminal code relating to conviction and sentencing. This chapter is to be liberally construed to effect its objectives."

It can be argued that the legislature intended to remove this shield when it repealed the Youthful Offenders Act.[3] Had that been the legislature's intent, however, it would also have repealed, or substantially amended, sec. 973.015(1), Stats. There is no evidence that the legislature intended, by repealing the Youthful Offenders Act, to give sec. 973.015(1) a meaning different from that which it had at the time of its enactment. We conclude that the statute provides a means by which trial courts may, in appropriate cases, shield youthful offenders from some of the harsh consequences of criminal convictions,

---

[2] *Id.*, sec. 711.

[3] Sec. 377, ch. 418, Laws of 1977.

including the use of criminal convictions for impeachment purposes under sec. (Rule) 906.09(1), Stats.

We are also persuaded by the circuit court's logic. The court stated: "Clearly, the purpose of expungement is just that—to, in effect, obliterate the record of the individual. In fact, had the State followed it to the letter, what should have been done, their record should also have been destroyed regarding [the witness] . . .." If we interpret the statute and rule as Anderson urges, the result in each case will depend on whether court personnel have complied with the court's expunction order.

We are further persuaded by the legislature's failure to amend sec. 973.015(1), Stats., after the attorney general's opinion in 67 Op. Att'y Gen. 301 (1978). A district attorney advised the attorney general that, ["p]resently in this County, expungement is being interpreted to mean placing the record in a sealed envelope and stamping it 'expunged.' The record is not being ordered destroyed or annihilated."

The attorney general concluded: "The practice employed in your county . . . does not comply with the common and ordinary meaning of the word 'expunge' nor does it comply with the requirements of [sec. 973.015(1), Stats.]" The attorney general concluded that the word "expunge" was to be construed according to its common and approved usage. *Black's Law Dictionary* 582 (6th ed. 1990) defines "expunge" as follows: "To destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information—including criminal records—in files, computers, or other depositories."

Since 1978, the legislature has acquiesced in the attorney general's interpretation of the statute and that acquiescence is to be given considerable weight. *See*

*Staples v. Glienke,* 142 Wis. 2d 19, 28, 416 N.W.2d 920, 924 (Ct. App. 1987) (in determining meaning of ambiguous statute, we generally give great weight to attorney general's longstanding interpretation of statute).

*By the Court.*—Judgment and order affirmed.