STATE of Wisconsin, Plaintiff-Respondent,

v.

Gordon DAVIS, Defendant-Appellant.

Court of Appeals

*No. 91–0088. Submitted on briefs August 6, 1991.—Decided October 8, 1991.*

(Also reported in 477 N.W.2d 307.)

For the defendant-appellant the cause was submitted on the briefs of *Gordon Davis, pro se,* of Portage.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, with *David J. Becker,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. The defendant appeals from a final order denying his post-conviction motion under sec. 974.06(1), Stats., to amend his sentence. He also appeals from an order denying his request for sentence reconsideration. The sole issue on appeal is whether the sentencing court properly applied the habitual criminality penalty enhancement of five years, sec. 939.62(1)(c), Stats., to the maximum sentences permitted by law for

two felony counts when concurrent sentences were ordered. We affirm.

Gordon Davis and an accomplice entered the home of an eighty-year old man (the victim). The victim was asleep in bed at the time Davis entered his home at approximately 8:00 p.m. on January 12, 1986. At trial the victim testified that he had heard noises that sounded like snowballs hitting the house. Shortly thereafter two masked men entered his bedroom and demanded money. One of the perpetrators stated that unless the victim produced the money, he would shoot him in the groin and kill him. The victim was then struck in the mouth with a pistol, his hands were cuffed behind his back, and he was covered with a blanket. Over twelve hours later, the victim was discovered by the mailman only after the victim crawled through the ransacked house to get to the front door.

On July 30, 1986, the jury found Davis guilty on two felony counts: (1) armed and masked burglary,[1] party to

---

[1] Section 943.10, Stats., Burglary, in relevant part states:

(1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony:
(a) Any building or dwelling; or
. . ..
(2) Whoever violates sub. (1) under any of the following circumstances is guilty of a Class B felony:
(a) While armed with a dangerous weapon; or . . ..

Section 939.641, Stats., penalty enhancement for concealing identity, in relevant part states:

If a person commits a crime while his or her usual appearance has been concealed, disguised or altered, with intent to make it less likely that he or she will be identified with the crime, the penalties may be increased as follows:
. . ..

a crime,[2] and (2) masked robbery,[3] party to a crime. Judge Ralph G. Gorenstein sentenced Davis to two concurrent thirty-year sentences for the two Class B counts, a twenty-year sentence for each felony enhanced by a total of ten years; five years for identity concealment; and five years for habitual criminality.

The repeater or enhanced sentence law for habitual criminality, sec. 939.62, Stats., provides:

> (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42 or a failure to report under s. 946.425) the *maximum term of imprisonment prescribed by law for that crime* may be increased as follows:
>
> . . ..
> (c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not

---

(2) In case of a felony, the maximum fine prescribed by law for the crime may be increased by not more than $10,000 and the maximum term of imprisonment prescribed by law for the crime may be increased by not more than 5 years.

[2]Section 939.05, Stats., Parties to a crime, holds a lesser actor to the same degree of culpability as the principal actor.

[3]Section 943.32, Stats., Robbery, in relevant part states:

(1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

(a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property; or

. . ..
(2) Whoever violates sub. (1) by use or threat of use of a dangerous weapon or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon is guilty of a Class B felony.

more than 10 years if the prior conviction was for a felony (emphasis added).

The parties agree that the prison terms for both felony counts are the maximum permitted by law. The parties also do not dispute the facts.

On appeal, Davis argues that his two sentences were each improperly enhanced by five years. He contends that the habitual criminality enhancer is proper only when a maximum term has been imposed for all offenses. He defines "maximum term" as consecutive terms of thirty years for each count. Therefore, the habitual criminality enhancement penalty of five years for each count can only be incorporated into the total sentence if the sentence on each count is consecutive, not concurrent as it is in this case.[4] In short, Davis argues that the imposition of consecutive sentences should be a condition to the application of the habitual criminality penalty enhancement law. We are not persuaded.

The issue on appeal is a question of law because it involves the application of an unambiguous statute[5] to a

---

[4]In his pro se appellate brief, Davis states:

> I know the following facts to be true of my own personal knowledge: That Judge Ralph Gorenstein sentenced me to five (5) years as a repeat offender. Under Wisconsin Supreme Court decisions I have on this issue he can only sentence me as a repeater after sentencing me to maximum terms. Consecutive to each other; the terms were concurrect [sic] to parole I was on at the time of sentencing and thus the repeater statute was wrongfully used. Thus, my term should be modified by five (5) years as that is what I recieved [sic] concerning the habitual offender statute.

[5]The statute at issue, "Section 939.62(1), Stats., is unambiguous in that reasonable, well informed persons could not disagree as to its meaning or become confused." *State v. Harris,* 119 Wis. 2d 612, 617, 350 N.W.2d 633, 636 (1984).

set of conceded facts. *Sutton v. Kaarakka,* 159 Wis. 2d 83, 86, 464 N.W.2d 29, 31 (Ct. App. 1990). We decide questions of law independently, according no deference to the conclusions of the trial court. *Id.* We reject Davis' argument because the repeater statute unambiguously opposes "maximum term of imprisonment" to the clause "for that crime." Only one condition is required for application of the statute—that the court impose the maximum term of imprisonment for *that* crime. The statute does not reference other crimes or require the imposition of consecutive terms rather than concurrent sentences. We rely upon the holding in *State v. Harris,* 119 Wis. 2d 612, 350 N.W.2d 633 (1984), as the basis for our determination. In vacating the enhanced portion of the sentence, the court said:

> We make explicit what has previously been implicit. The repeater statute, sec. 939.62, Stats., is not applicable to the sentence of a defendant unless the trial court seeks to impose a sentence in excess of that prescribed by law *for the crime for which the defendant is convicted.*

*Id.* at 619, 350 N.W.2d at 637 (emphasis added).

Davis relies upon *State v. Farr,* 119 Wis. 2d 651, 350 N.W.2d 640 (1984), in arguing his interpretation of maximum term of imprisonment. In that case, the supreme court reviewed the alleged trial court abuse of sentencing discretion. In affirming the trial court's exercise of discretion, the supreme court noted that Farr's sentence did not exceed the maximum. The court said:

> In fact, the judge did not even give the maximum sentence available for a burglary conviction without the aid of the repeater statute since he gave the defendant the ten-year statutory limit for burglary but made it concurrent to the five-year prison sen-

83

tence the defendant was serving. *Had the judge made the ten-year sentence consecutive to the five-year prison sentence, then he would have given a maximum available sentence.*

*Id.* at 663, 350 N.W.2d at 647 (emphasis added).[6]

Read in context, this passage does not support Davis' position. The supreme court discussed the maximum available sentence in relation to an existing five-year prison term. Davis' assertion that a maximum available sentence is only permissible when a consecutive sentence is issued takes the passage out of context. The supreme court reasoned that the net effect of a ten-year sentence concurrent to the existing five-year prison term results in a five-year prison sentence for the crime at issue and not the maximum available ten-year sentence.

In urging that this court mandate consecutive sentencing as a condition to application of the repeater statute, Davis in effect suggests that we add words to sec. 939.62(1). We decline his suggestion because "[o]nly the plain meaning of words in the normal sense, as used in the context of the statute, can be looked to" when inter-

---

[6]The trial court in *Farr* did not in fact rely on the repeater enhancement provision in the sentencing of the defendant. "The court sentenced the defendant to a term of ten years to be served concurrent to the sentence for which he was already in prison. Ten years is the maximum sentence for a burglary conviction without the aid of the repeater provision." *Id.* at 661, 350 N.W.2d at 646. The trial court misstated the law when it said that the defendant was subject to a maximum sentence of sixteen years in prison when sentenced concurrent to the existing five-year prison sentence. *Id.* The net effect of such a sentence would have been a ten-year prison sentence for the underlying offense with a one-year penalty enhancement. *See id.* at 663, 350 N.W.2d at 647.

preting a statute. *State ex rel. Girouard v. Circuit Court for Jackson County,* 155 Wis. 2d 148, 156, 454 N.W.2d 792, 795 (1990). If this court were to adopt Davis' rationale, a trial court would be required to order all sentences to run consecutively as a condition to application of enhancement. Criminal enhancement statutes afford the trial courts flexibility in sentencing defendants to reflect the seriousness of the individual offenses.[7] We see nothing in sec. 939.62(1), Stats., that reveals a legislative intent to constrict the sentencing discretion of the trial court as argued by Davis.

Therefore, we determine that sec. 939.62(1), Stats., is applicable when maximum sentences are imposed for multiple offenses, even when the sentences are concurrent with each other. The words "maximum term of imprisonment" do not require consecutive sentencing.

*By the Court.*—Orders affirmed.

---

[7] "[A] sentence should consider the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." *Farr,* 119 Wis. 2d at 662, 350 N.W.2d at 646.