STATE of Wisconsin, Plaintiff-Respondent,

v.

Alexander L. JACOBUS, Defendant-Appellant.

Court of Appeals

*Nos. 91–1909, 91–2660. Submitted on motion December 20, 1991.—Decided February 13, 1992.*

(Also reported in 481 N.W.2d 642.)

231

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM. Alexander Jacobus moves for a free transcript of a hearing conducted by the trial court, pursuant to *State ex rel. Girouard v. Jackson County Circuit Court*, 155 Wis. 2d 148, 454 N.W.2d 792 (1990). The trial court determined that Jacobus was not indigent,[1] and therefore was not eligible for free transcripts in his underlying appeal. We grant the motion.

In appeal No. 91-1909, Alexander Jacobus appealed a judgment convicting him of operating while intoxicated. Section 346.63(1)(a), Stats. He moved this court for a free transcript of the proceedings, on the grounds that he is indigent. We remanded the record under Rule 808.075, Stats., to the trial court for that court to determine whether Jacobus was entitled to free transcripts. *See Girouard*, 155 Wis. 2d at 157, 454 N.W.2d at 796. We stayed all proceedings in appeal No. 91-1909 pending the trial court's determination.

The trial court entered a written decision holding that Jacobus was not indigent, and therefore was not entitled to free transcripts. Jacobus initially attacked the decision by motion. However, we advised him that under

---

[1]Under *Girouard*, a litigant is entitled to free transcripts on appeal of a civil case when the trial court determines both that the litigant is indigent, and that the appeal has arguable merit.

*Ramsthal Advertising Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75–76, 279 N.W.2d 491, 492 (Ct. App. 1979), and *Chicago & N.W. R.R. v. LIRC*, 91 Wis. 2d 462, 473, 283 N.W.2d 603, 609 (Ct. App. 1979), *aff'd*, 98 Wis. 2d 592, 297 N.W.2d 819 (1980), an appeal from a judgment does not embrace an order entered after judgment. Therefore, we required that if he wished to attack the trial court's non-indigency determination made while the case was remanded, he would have to file a new notice of appeal from the trial court's *Girouard* determination. Jacobus complied and filed a new notice of appeal challenging the trial court's *Girouard* determination. The new appeal was given appeal No. 91–2660. On our own motion, we now consolidate the two appeals.

Because appeals arising from, or involving trial court determinations have been occurring with increasing frequency since *Girouard* was decided, there is a need for a uniform procedure. Upon reconsideration, we conclude Jacobus need not have filed a second notice of appeal. Rather, when this court remands an appeal to the trial court, pursuant to sec. 808.075, Stats., for a *Girouard* determination, we have jurisdiction, in the context of the same appeal, to review the trial court's decision. The authority to review the trial court's decision is implicit in the ability to refer an issue to the circuit court. Without the authority to review the circuit court's decision, the remand mechanism of sec. 808.075, Stats., would be meaningless.

We further conclude that *Ramsthal* and *Chicago and N.W. R.R.* are not controlling in this situation. Both cases were decided before the creation of sec. 808.075, Stats. The general principle that an appeal from a judgment does not embrace an order entered after the judg-

ment remains valid in many instances.[2] It does not, however, preclude us from reviewing a trial court's decision on an issue that we directed the trial court to address on sec. 808.075, Stats., remand. Under that procedure, Jacobus would not have been required to file a new notice of appeal from the trial court's determination. That he did so does not affect our ability to review the trial court's *Girouard* determination.

After the trial court's *Girouard* determination, Jacobus moved this court for free transcripts of his *Girouard* hearing. We cannot determine, from mere review of the trial court decision, whether the trial court's factual determination—that Jacobus was not indigent—was clearly erroneous.[3] The trial court concluded that because Jacobus receives social security income of approximately $20.00 per month over a standard[4] set forth by the trial court, Jacobus is not indigent. However, we cannot determine from the court's decision whether its determination resulted from the application of a potentially unsuitable formula. Factors the court should address specifically include the litigant's income

[2]As, for example, where an appellant files a notice of appeal and subsequently moves the trial court directly for free transcripts under *Girouard,* such that no remand under sec. 808.075, Stats., occurs. Where no remand has occurred, an appellant would have to file a new notice of appeal in order to bring the trial court's *Girouard* determination before this court on review.

[3]Transcripts of *Girouard* hearings would be helpful to determine whether a trial court's determination on arguable merit (a mixed question of law and fact) was correct.

[4]The trial court adopted the standard for indigency used by Western Wisconsin Legal Services, Inc. Under that standard, single people are considered indigent if they earn less than $689.58 per month. Jacobus apparently receives social security income of $708.00 per month.

and assets; expenses, including unusual expenses; and the projected cost of the transcript requested.

Because we cannot determine without a transcript whether the trial court properly found that Jacobus was not entitled to free transcripts in the underlying appeal, we conclude that a transcript of the *Girouard* hearing must be provided at no cost to Jacobus. If, after we receive the transcript, we determine that the trial court's finding was not clearly erroneous, we will assess costs against Jacobus in the amount incurred by the county in providing the transcript of the *Girouard* hearing for our review. Rule 809.25(1)(a)5, and (b)5, Stats.[5] Should such costs be assessed, they are to be remitted by Jacobus directly to the county.

We recognize the anomaly in ordering provision of a transcript of the *Girouard* hearing at no cost to appellant, when the underlying issue is whether appellant is entitled to a free transcript in the first instance. However, the procedure imposed by the supreme court in *Girouard* for determining indigency leaves us no choice if we are to meaningfully examine the correctness of the trial court's *Girouard* determination. Only the supreme court, in its rule-making capacity, or the legislature, can alter this procedure for determining and reviewing an appellant's indigency.

---

[5]Rule 809.25(1)(a)5 and (b)5, Stats., provide that "[i]n all other cases as allowed by the court," "[o]ther costs as directed by the court" may be allowed. Such costs include "fees," *see, e.g.,* Rule 809.25(1)(b)2 and (b)4, Stats. In *Girouard,* the supreme court determined that transcripts costs are also "fees." *Id.* at 153, 156–57, 454 N.W.2d at 794, 795–96. Therefore, under Rule 809.25(1)(a)5 and (b)5, we will assess *Girouard* hearing transcript fees against litigants in an appropriate case.

In an unrelated matter, we determine that Jacobus' appeal is ripe and timely. We have been advised by the state that a final appealable order has been entered, and that the status sheet showing otherwise was in error.

*By the Court.*—Motion granted.