STATE of Wisconsin, Plaintiff-Appellant,

v.

Ryan E. BAKER, Defendant-Respondent.†

Court of Appeals

*Nos. 04–0590–CR, 04–0591–CR. Submitted on briefs September 7, 2004.—Decided February 17, 2005.*

2005 WI App 45

(Also reported in 694 N.W.2d 415.)

† Petition to review denied 5-11-2005.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jason J. Hanson,* assistant district attorney, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William E. Schmaal,* assistant state public defender.

Before Deininger, P.J., Dykman and Lundsten, JJ.

¶ 1. DYKMAN, J.   The State appeals from the circuit court's order returning a bond deposit to the person who posted it and applying five days of presentence jail incarceration to satisfy court costs upon a judgment of conviction against Ryan E. Baker. The State contends that the circuit court erred because Wis. Stat. § 969.02(6) (2003–04)[1] does not permit the application of incarceration time for this purpose and instead requires the payment of court costs from a defendant's bond deposit. Baker asserts that § 969.02(6) makes no such requirement of judges and instead is directed at clerks. Alternatively, he argues that his indigency provided an adequate basis under Wis. Stat. § 814.29(1) for the court's action. Because we interpret § 969.02(6) to require a circuit court to order that any remainder of a defendant's bond deposit be applied toward the payment of court costs, we reverse the circuit court's order and remand for further proceedings consistent with this opinion.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

184

## BACKGROUND

¶ 2. Ryan E. Baker pleaded no contest to one misdemeanor count of violating a domestic abuse injunction, contrary to WIS. STAT. § 813.12(8)(a), and one count of misdemeanor bail jumping, contrary to WIS. STAT. § 946.49(1)(a). In a separate case, he also pleaded no contest to one count of misdemeanor violation of a domestic abuse injunction. The bail-jumping charges stemmed from committing a new crime while on bond for five counts of selling fake identification cards. The court found Baker guilty on these five counts as a result of the bail violation. Baker's court costs and fees from these proceedings included: $375 in filing fees for five counts of selling fake identification cards pursuant to WIS. STAT. § 814.61(1)(a); $60 in filing fees for three criminal charges pursuant to WIS. STAT. § 814.60(1); $150 for crime victim and witness assistance surcharges for three criminal charges pursuant to WIS. STAT. § 973.045.

¶ 2a. Baker's father had posted a $500 bond at an earlier date. The bond was in effect at the time of Baker's plea and sentencing hearing. At that proceeding, the State asked the court to order that the bond be applied to Baker's court costs, arguing that WIS. STAT. § 969.02(6) mandated this result. The court declined to apply the bond to the court costs, thereby permitting the return of the bond to Baker's father. The court instead ordered that court costs be satisfied by pre-sentence jail incarceration, applying six days of incarceration at a rate of $100 per day to satisfy the costs. The court explained:

> Well, I understand the argument that [use of jail credit to pay court costs] is not, that it is not authorized by statute. I haven't really chased it down vigorously. I do

185

know that it has been accepted typically in Dane County. So I think on the basis of giving the equivalent treatment to people that come before the Court and not singling out any particular defendant for treatment of the statutory costs, while I certainly see a basis for trying to get this defendant's attention more effectively than has been done yet, in his own best interest I don't think I should depart from the practice that has been in place.

The State appeals. The Chief Judge granted the State's motion that this case be heard by a three-judge panel. *See* § 752.31(3).

## DISCUSSION

### *Use of Bond*

■

¶ 3. The parties dispute whether Wis. Stat. § 969.02(6) requires that remaining bond money be used to satisfy court costs, and whether this section gives a circuit court discretion to order payment of court costs through application of credit for jail incarceration time. These are questions of statutory interpretation that we review de novo. *In re Commitment of Burris*, 2004 WI 91, ¶ 31, 273 Wis. 2d 294, 682 N.W.2d 812.

¶ 4. We consider the bond money question first. Under Wis. Stat. § 969.02(2), a circuit court may require a defendant charged with a misdemeanor to "execut[e] . . . an appearance bond with sufficient solvent sureties, or the deposit of cash in lieu thereof." Section 969.02(6) provides that "[w]hen a judgment for a fine or costs or both is entered in a prosecution in which a deposit had been made in accordance with sub.

186

(2), the balance of such deposit, after deduction of the bond costs, shall be applied to the payment of the judgment."

¶ 5.   We review a statute to ascertain its meaning, so that the statute may be given its full, proper and intended effect. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. "Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute." *Id.* When interpreting a statute, we "begin[] with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *Seider v. O'Connell*, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659. If the statutory intent is set forth clearly and unambiguously in the statutory language, we apply that intent to the case at hand and do not search for meaning outside the text of the statute. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997). We may resort to extratextual sources only when the statutory language is ambiguous, i.e., it "reasonably gives rise to different meanings." *Bruno v. Milwaukee County*, 2003 WI 28, ¶ 21, 260 Wis. 2d 633, 660 N.W.2d 656.

¶ 6.   Baker contends that WIS. STAT. § 969.02(6) "does not restrict the circuit court's discretionary powers in the pronouncement of judgment . . . it only proscribes a ministerial duty that the clerk 'shall' perform . . . ." But Baker cites no authority to support this contention, and we know of none.

¶ 7.   We conclude that the plain language of WIS. STAT. § 969.02(6) requires the circuit court to order the application of the balance of any bond deposit toward the satisfaction of court costs. The subsection provides

187

that "[a] deposit . . . shall be applied to the payment of the judgment." Section 969.02(6). "[T]he word 'shall is presumed mandatory when it appears in a statute." *In re Commitment of Elizabeth M.P.*, 2003 WI App 232, ¶ 21, 267 Wis. 2d 739, 672 N.W.2d 88 (citations omitted). Additionally, the words "may" and "shall" are both used in various subsections of § 969.02,[2] "indicating the legislature was aware of the distinct meanings of the [two] words," and thus lending "[f]urther support . . . to a mandatory interpretation of 'shall.' " *In re Commitment of Sprosty*, 227 Wis. 2d 316, 324, 595 N.W.2d 692 (1999).

¶ 8. The statutory text contains no suggestion that this duty rests with the clerk and not the circuit court judge. Under Baker's view of WIS. STAT.

---

[2] "A judge *may* release a defendant charged with a misdemeanor without bail or *may* permit the defendant to execute an unsecured appearance bond . . . ." WIS. STAT. § 969.02(1). "[T]he judge *may* require the execution of an appearance bond . . . or the deposit of cash in lieu thereof." Section 969.02(2). "[T]he judge *may* [impose various conditions upon the defendant listed in paragraphs (a)-(d)]." Section 969.02(3). "As a condition of release in all cases, a person released under this section *shall* not commit any crime." Section 969.02(4). "Any person charged with a misdemeanor and released under this section *shall* comply with s. 940.49. The person *shall* be given written notice of this requirement." Section 969.02(4m). "Once bail has been given and a charge is pending or is thereafter filed or transferred to another court, the latter court *shall* continue the original bail in that court subject to s. 969.08." Section 969.02(5). "If the complaint against the defendant has been dismissed or if the defendant has been acquitted, the entire sum deposited *shall* be returned. A deposit under sub. (2) *shall* be returned to the person who made the deposit, his or her heirs or assigns, subject to sub. (6)." Section 969.02(7). "In all misdemeanors, bail *shall* not exceed the maximum fine provided for the offense." Section 969.02(8) (all emphases added).

188

§ 969.02(6), a judge's order could countermand the statute's edict that the "balance of [a bond] deposit . . . shall be applied to the payment of [a] judgment" by refunding the existing bond money. The clerk would then be unable to follow the statute's requirement. Baker's proposed interpretation is thus inapposite to the explicit purpose of § 969.02(6). *Klein v. Board of Regents*, 2003 WI App 118, ¶ 13, 265 Wis. 2d 543, 666 N.W.2d 67 ("Statutory interpretation that contravenes a purpose of the statute is not favored.").

¶ 9. Baker also contends that because judges may order the return of a defendant's bail money to a depositor before sentencing, it must be that judges have discretion to return bail money at sentencing as well. We again disagree. It does not follow that because a circuit court has discretion to return bail money before sentencing under Wis. Stat. § 969.01(4), such discretion must also exist at sentencing. "If the authority to fashion a particular criminal disposition exists, it must derive from the statutes." *Grobarchik v. State*, 102 Wis. 2d 461, 467, 307 N.W.2d 170 (1981) (citations omitted).

¶ 10. Baker also contends that "implicit findings" of indigency justify the waiver of his court costs, and that we should therefore uphold the circuit court's ruling on indigency grounds under Wis. Stat. § 814.29(1).[3] Section 814.29(1) guarantees access to the

---

[3] Wisconsin Stat. § 814.29(1) provides in pertinent part:

> (a) . . . any person may commence, prosecute or defend any action or special proceeding in any court, or any writ of error or appeal therein, without being required to give security for costs or to pay any service or fee, upon order of the court based on a finding that because of poverty the person is unable to pay the costs of the action or special proceeding . . . .

courts for the indigent in civil proceedings, and may or may not apply to at least some costs in criminal proceedings through Wis. Stat. § 972.11(1).[4] Baker cites *State ex rel. Girouard v. Circuit Court*, 155 Wis. 2d 148, 454 N.W.2d 792 (1990), to support waiver of costs in the present context, but *Girouard* concerned waiver of transcription fees in a civil appeal, not court costs assessed in a criminal case. *Girouard*, 155 Wis. 2d at 150. In general, § 814.29(1) protects the constitutional right of access to the courts for all. Whether § 814.29(1) provides a basis to waive court costs ordered at judgment in a criminal proceeding is not an issue that is properly before us today. The circuit court did not *waive* Baker's costs—it ordered them satisfied through credit for jail incarceration time.

---

(b) A person seeking an order under par. (a) shall file in the court an affidavit in the form prescribed by the judicial conference, setting forth . . . facts demonstrating his or her poverty.

(c) The finding and order of the court under par. (a) shall be in the form prescribed by the judicial conference. The court may deny the request for an order if the court finds that the affidavit states no claim, defense or appeal upon which the court may grant relief.

(d) The court shall make a finding of poverty and issue an order under par. (a) if the affidavit demonstrates any of the following:

. . . .

2. That the person is represented by an attorney through a legal services program for indigent persons, including . . . those funded by . . . the state public defender . . . .

[4] Wisconsin Stat. § 972.11(1) provides in pertinent part that "the rules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction."

### Credit for Pre-Sentence Incarceration

■

¶ 11.   We turn now to whether credit for pre-sentence incarceration time may be applied to satisfy court costs. The circuit court invoked WIS. STAT. § 973.155 when applying Baker's incarceration time toward satisfaction of court costs. We conclude that this section does not provide a basis for the circuit court's action. Section 973.155(1) states that "a convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Section 973.155 does not address court costs. Rather, its purpose is to ensure that individuals without the means to post bail are not incarcerated longer than those who can afford bail. "[C]onfinement credit is designed to afford fairness—that a person not serve more time than that for which he is sentenced." *State v. Beets*, 124 Wis. 2d 372, 379, 369 N.W.2d 382 (1985).

¶ 12.   Some statutes imposing certain court costs provide that a court may waive these costs. Examples include:   WIS. STAT. § 973.055(4), which permits a court to waive a $50 domestic abuse assessment if the court determines that imposition of the assessment would have a negative impact on the family; WIS. STAT. § 973.06(2), which allows a court to remit all or part of the taxable costs set forth in that statutory section; and WIS. STAT. § 973.046(1g), which leaves it to the discretion of the court whether to assess the defendant the costs of DNA testing.

■

¶ 13.   None of the statutes under which Baker was assessed costs—WIS. STAT. §§ 814.61(1)(a), 814.60(1), or 973.045—include mechanisms by which a court could

waive these costs or satisfy them by any other means. Each of these statutes contains mandatory language regarding the payment of the particular costs imposed. Section 814.61(1)(a) provides that "[i]n a civil action, a clerk of court shall collect the fees provided in this section . . . ." Section 814.60(1) mandates that "[i]n a criminal action, the clerk of court shall collect a fee of $20 . . . ." Likewise, § 973.045 directs that "the court shall impose a crime victim and witness assistance surcharge . . . [and] the clerk of court shall collect and transmit the amount to the county treasurer . . . . " Because none of the statutes under which costs were assessed here provide authority to waive the costs or to satisfy them by other means, we conclude that the circuit court erred when it applied pre-sentence incarceration time toward satisfaction of Baker's court costs.

*By the Court.*—Judgment and order reversed and cause remanded with directions.