BRASH, J.[1]
¶ 1 Verneice Bruce, pro se , appeals a judgment of the trial court dismissing her small claims action against Robert Bennett. Bruce had previously been granted a replevin order regarding a vehicle that Bennett had purchased from her, but had not paid for in full. Bruce initiated the current action on the grounds that the vehicle had not been returned to her upon replevin in the same condition as when Bennett purchased the vehicle.
¶ 2 The trial court dismissed the action, finding that Bruce had failed to meet her burden of proof. We affirm.
BACKGROUND
¶ 3 This action involves the sale and subsequent replevin action of Bruce's 2002 Chevy Suburban. She brought an action for replevin against Bennett in January 2015, which was granted by the trial court in March 2015.[2] Bruce subsequently filed another small claims action against Bennett in June 2015, claiming that Bennett had not returned the vehicle to her in the same condition as when he had purchased it. That is the underlying claim in this appeal.
¶ 4 The matter was heard by a commissioner in small claims court in March 2016, who found in favor of Bennett and dismissed the action. Bruce then demanded a trial.
¶ 5 A court trial was held in October 2016.[3] The court took testimony from three witnesses, finding the testimony of the defense witnesses to be more credible. After making findings of fact and applying the relevant law, the court concluded that Bruce did not meet her burden of proof. Therefore, the case was dismissed with prejudice.
¶ 6 Bruce filed a notice of appeal. She also filed a motion to waive the transcript fees for her appellate case. The trial court denied the motion,[4] finding that although Bruce was indigent, she had not presented an arguably meritorious claim for relief which would entitle her to free transcripts, citing State ex rel. Girouard v. Circuit Court for Jackson County , 155 Wis. 2d 148, 159, 454 N.W.2d 792 (1990) (to establish a foundation for a judicial order for the waiver of fees pursuant to WIS. STAT. § 814.69(1), "[t]he individual must be found to be indigent by the court, and the person must present a claim upon which relief can be granted").
¶ 7 This court subsequently ordered that this appeal could proceed without transcripts. This appeal follows.
DISCUSSION
¶ 8 On appeal, Bruce argues that the trial court's determinations-its findings of fact and conclusions of law-were erroneous. In our review of a court trial decision, the trial court's findings of fact "may not be disturbed unless they are 'clearly erroneous.' " State v. Benton , 2001 WI App 81, ¶ 5, 243 Wis. 2d 54, 625 N.W.2d 923 (citation omitted). "[A] finding of fact is clearly erroneous when 'it is against the great weight and clear preponderance of the evidence.' " Phelps v. Physicians Ins. Co. of Wis. , 2009 WI 74, ¶ 39, 319 Wis. 2d 1, 768 N.W.2d 615 (citation omitted). Questions of law, on the other hand, are reviewed independently "with no deference to the conclusions reached by the trial court." Levy v. Levy , 130 Wis. 2d 523, 529, 388 N.W.2d 170 (1986).
¶ 9 As noted above, the record in this case does not include any transcripts (including a transcript of the court trial), because after the trial court's denial of Bruce's motion to waive the transcript fees, Bruce did not order and pay for the transcripts herself. This court ordered that the appeal could proceed without transcripts; nevertheless, we warned Bruce that for purposes of reviewing the record on appeal, in the absence of complete transcripts, this court will assume that "every fact essential to sustain the trial judge's exercise of discretion is supported by the record." See Austin v. Ford Motor Co. , 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979).
¶ 10 Indeed, our "scope of the review is necessarily confined to the record before the court." See id. Thus, although Bruce submitted with her brief copies of various documents and photographs, we will not consider any materials submitted in an appendix that are not included in the record. See Roy v. St. Lukes Med. Ctr. , 2007 WI App 218, ¶ 10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256.
¶ 11 The record for this matter did include a short summary of the court trial proceedings provided by the trial court in its order denying Bruce's request for free transcripts. In that order, the trial court noted that it had taken testimony from three witnesses during the court trial upon which it made credibility determinations, finding the defense witnesses more credible. The court also made findings of fact to which it applied the relevant law, and found that Bruce had not met her burden of proof.
¶ 12 Bruce has provided nothing to demonstrate that these findings of the trial court were clearly erroneous, or that the trial court misapplied the law. Her brief alleges facts that are not supported by the record; indeed, many of the facts alleged do not appear to be relevant to the case that underlies this appeal. Furthermore, her argument does not reflect any "developed themes reflecting any legal reasoning" and does not include citations to legal authority. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). We therefore affirm.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(g) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The replevin order was granted by the Honorable Glenn H. Yamahiro in Milwaukee County Case No. 2015SC2818. We take judicial notice of the information in the CCAP record for that matter (CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs. The online website reflects information entered by court staff.). See Kirk v. Credit Acceptance Corp. , 2013 WI App 32, ¶ 5, n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

The court trial was before the Honorable Ellen R. Brostrom.

Judge Brostrom also heard Bruce's motion to waive the transcript fees.